## THE STATE v. McKINNEY.

1. **Evidence:** ADVICE OF COUNSEL: ATTORNEY. Upon the trial of one indicted for perjury in falsely swearing respecting the existence of a partnership, it was held that the attorney whom he had consulted respecting the partnership might be asked what advice he gave the defendant in the matter about which he was charged to have sworn falsely.

*Appeal from Butler District Court.*

THURSDAY, DECEMBER 16.

THE defendant was indicted for the crime of perjury, was convicted and sentenced to the penetentiary for two and one-half years. The defendant appeals.

*G. C. Wright, J. W. Woods* and *C. A. L. Roszell,* for appellant.

When evidence tends to prove the issue or form a link in the chain of proof, however slight, it is admissible. (1 Greenl. on Ev., § 51; *Farwell v. Tyler,* 5 Iowa, 535; *State v. Hinkle,* 6 Id., 380; Whart. Cr. Law, 5 ed., § 2279; *Belden v. Lamb,* 17

Conn., 441.)   To convict the defendant of perjury, there must be two witnesses to negative the truth of the matter upon which the crime is assigned.   (2 Whart. Cr. Law, 5 ed., §§ 2278–9; .Com. v. Pollard, 12 Met., 225; State v. Wood, 17 Iowa, 18.) To convict it is not sufficient to produce evidence to establish the contradictory testimony of defendant.   (State v. Fid-.ment, 35 Iowa, 541; 2 Whart. Cr. Law, §§ 2275–6–8; 2 Iredell, 346.)   The State must show that the defendant swore falsely and knew that he was doing so.   (3 Greenl. on Ev., 10 ed., § 194; 2 Chitty's Cr. Law, 312–20; Reg. v. Parker, Car. and M. 639.)   Defendant is entitled to the benefit of every reasonable doubt.   (State v. Ostrander, 18 Iowa, 435; State v. Roh-rabacher, 19 Id., 154.)   The declarations of third persons respecting the offense charged are inadmissible.   ( 1 Greenl. on Ev., §§ 124–5.)   Evidence of what a living absent witness testified to upon a former trial or before the grand jury is not admissible.   (8 Wheat., 326.)   Defendant's unsupported confessions are not sufficient to convict.   (State v. Mercer, 32 Iowa, 405; 2 Whart. Cr. Law, 5 ed., §§ 2275–8.)

*M. E. Cutts, Attorney General,* for the State.

DAY, J.—The indictment charges the defendant with willfully and falsely swearing in an action between defendant and one H. C. Brown, that defendant in the year 1872 had no partner in the business of farming and tilling the land of H. C. Brown, which defendant was, during said year, employed in cultivating.   It was proved that upon said trial he swore as charged in the indictment, and that afterward in a proceeding before the grand jury he swore that one A. Lineback was his partner in said farming operations; there was also other testimony tending to prove that Lineback was his partner in the farming operation.

Testimony was introduced tending to show that defendant stated before the grand jury, that he would not have sworn as he did before the trial jury, if he had not been advised by Jamison, that he did not know really what constituted a partnership and if he had not been advised by Jamison he

would have sworn that he did not know whether he and Lineback were partners or not.

Jamison was introduced as a witness for defendant, and stated that he was one of the attorneys in the case of *McKinney v. Brown,* and was present during the trial. The defendant asked this witness the following question: "Do you recollect having a conversation and giving McKinney advice as a counsellor in regard to the wheat and partnership matter?" The state objected to this testimony and the objection was sustained.

Under the circumstances described it is evident that a very material question was whether the testimony of the defendant was willfully false. The matter inquired about, the existence of a partnership is a mixed question of law and fact. If it could be shown that defendant was advised by his counsel, that the relation existing between defendant and Lineback was not a partnership, such testimony would be entitled to consideration, in determining whether or not the defendant made oath to what he knew or believed to be untrue. We think the defendant was entitled to an answer to the question propounded, and that he has, or may have, sustained prejudice by its rejection. The record discloses no other error. The instructions asked by defendant, and the refusal of which is made a ground of complaint, are, so far as they are proper and pertinent, fully contained in the instructions given.

For the error above considered the judgment is

REVERSED.