## THOMAS G. FOLWELL v. THE STATE.

1. When a statute makes indictable an act which is merely *malum prohibitum*, when done "willfully and maliciously," the existence of an evil mind in doing the forbidden act, is, as a general rule, a constituent part of the offence.
2. A person was indicted under the act prohibiting the willfully and maliciously tearing down of a sheriff's advertisement—*Held*, that the defendant had the right to show that he tore down such paper without any evil design.

On error to the Oyer and Terminer of Atlantic county.

Argued at June Term, 1886, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and KNAPP.

For the plaintiff, *George A. Vroom.*

For the state, *Joseph Thompson.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The defendant was indicted for tearing down an advertisement of sale set up by the sheriff by force of an execution. The defendant in this prosecution was the defendant in the execution, and his defence at the trial was that he took down the advertisement in question with the purpose of showing it to his counsel, and that he had no bad purpose in doing the act. In his charge to the jury on this head, the court said: "It is also argued that the act of taking down must be malicious, and that malice is not proven in this case. The act must be malicious, but not in the sense which the counsel of the defence has argued to you. What is meant, in the law, by malice? It only means that a person has the intention to do the act; that he willfully does the act which is illegal. He may not know that the act is illegal, but if he willfully does the act, his conduct is, in the eye of the law, illegal. * * * The malice mentioned by

the statute is an intentional taking down of such advertisement, knowing it to be such."

The statutory section thus expounded is in these words, viz. : "That if any person shall willfully and maliciously take down, remove or injure any notice, advertisement or other placard, which shall have been legally and publicly set up by any officer or other person, in accordance with the laws of this state, before the time to which said notices relate, he shall be deemed guilty of a misdemeanor," &c. *Rev., p.* 229, § 15. From this collation of the judicial charge with the act to which it relates, it is apparent that the terms "willfully and maliciously," found in the statute, were understood to have simply the force of "knowingly," and that as a supposed consequence the defendant was guilty of the offence charged if he took down the advertisement in question, knowing it to be such. But such a construction cannot be made to consist either with legal principles or with the decisions. The word "maliciously," when used in the definition of a statutory crime, the act forbidden being merely *malum prohibitum*, has almost always the effect of making a bad intent or evil mind a constituent of the offence. The whole doctrine of that large class of offences falling under the general denomination of malicious mischief is founded on this theory. For example, it was declared by the Supreme Court of Massachusetts, in the case of *Commonwealth* v. *Walden*, 3 *Cush.* 558, that the word "maliciously," as used in the statute relating to malicious mischief, was not sufficiently defined as "the willfully doing of any act prohibited by law and for which the defendant has no lawful excuse," but that, to the contrary, in order to justify a conviction under the act referred to, the jury must be satisfied that the injury was done either out of a spirit of wanton cruelty or of wicked revenge. And even the word "willfully" in the ordinary sense in which it is used in statutes, was said by Chief Justice Shaw to mean not merely "voluntarily," but to imply the doing of the act with a bad purpose. *Commonwealth* v. *Kneeland*, 20 *Pick.* 220. This same signification of the term "willful" was adopted in this court in the case of

*State* v. *Clark*, 5 *Dutcher* 96, the charge being that the defendant, in the language of the statute, willfully destroyed a fence on land in the possession of another; the defendant was permitted to show that he did the act under claim of title to the premises. When a statute prohibits an act if done intentionally, without to such inhibition any words being added indicating that to render the forbidden act criminal it must be the product of an evil mind, it becomes a pure question of statutory construction whether or not the *animus* of the person inculpated is an element of the crime. This was the rule adopted in the Court of Errors in the case of *Halsted* v. *State*, 12 *Vroom* 552, and exemplified in the case of *State* v. *Cutter*, 7 *Vroom* 125, in the latter case the court deciding that the *mens rea* was an ingredient of the statutory offence, although the legislative language was simply prohibitive of the act described. And indeed, if in the present instance the word " maliciously " were not found in this act, it would seem to be the rational conclusion, from the nature of the thing prohibited, that it could not have been the intention of the lawmaker to punish the taking down of one of these advertisements irrespectively of the good or evil design or purpose of the person doing the act, for it would appear to be signally absurd to suppose that the owner of property could not remove one of these notices from the door of his dwelling if the officer chose to put it there, or from a wall which he wished to repair, without committing an indictable offence.

Let the judgment be reversed and a *venire de novo* issue, &c.