## BIRDSALL v. SMITH.

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.
    An employé of the dairy and food department, who makes a complaint, at the direction of the commissioner and on the faith of a certificate of analysis, against a milk dealer for selling adulterated milk, and who had no connection with the case prior to making the complaint, has probable cause to institute the prosecution, in the absence of malice or oppression.

2. SAME—STATUTES—CERTIFICATE OF ANALYSIS OF ADULTERATED FOOD.
    No duty rested on such employé to make a further investiga-

tion of the facts; the certificate being *prima facie* evidence of adulteration under 3 Comp. Laws, § 11424, and Act No. 268, Pub. Acts 1899.

3. SAME—MALICE.

A citizen who sends suspected milk to the State dairy and food commissioner, and who has no further part in a prosecution for selling such milk, performs his duty, and is not chargeable with a malicious prosecution, although it appeared that he had ill feeling toward the plaintiff.

4. CONSTITUTIONAL LAW — MALICIOUS PROSECUTION — ACTION UNDER UNCONSTITUTIONAL STATUTE.

Malicious prosecution does not lie for instituting criminal proceedings under a statute which has not been judicially declared unconstitutional.

5. MALICIOUS PROSECUTION—PLEADING—GENERAL ISSUE.

Want of probable cause is put in issue by a plea of the general issue under Circuit Court Rule 7

Error to Kent; Perkins, J. Submitted June 23, 1909. (Docket No. 77.) Decided October 4, 1909.

Case by Martin P. Birdsall against Eldon Smith, Ormond C. Howe, and Edward A. Havens for malicious prosecution. A judgment for defendants on a verdict directed by the court is reviewed by plaintiff on writ of error. Affirmed.

*Elvin Swarthout* (*Clapperton & Owen*, of counsel), for appellant.

*John E. Bird*, Attorney General, *Thomas A. Lawler*, Assistant Attorney General, *Moses Taggart*, City Attorney, and *R. M. Ferguson*, Assistant City Attorney, for appellees.

HOOKER, J. The plaintiff, a vendor of milk, was prosecuted upon the complaint of defendant Howe for selling adulterated milk. Being acquitted upon a trial, he brought this action for malicious prosecution against Howe and two other defendants. The learned circuit judge directed a verdict for defendants upon the grounds:

(1) That the plaintiff had failed to prove a want of probable cause for the complaint.

(2) That there was no evidence tending to show a conspiracy between the defendants to wrongfully prosecute.

(3) That, there being no proof of a want of probable cause, the question of defendant's motives was unimportant.

Defendant Howe was employed in the office of the dairy and food commissioner at Lansing, the other defendants were local food inspectors acting under appointment by the commissioner. Howe had no acquaintance with either of the other defendants. His connection with the case began with a direction from the dairy and food commissioner to go to Grand Rapids and make a complaint against plaintiff, based upon a report of an analysis of a certain quantity of milk sold by the plaintiff, and stated in the report as contained in a half-pint bottle, which said report, made by the State analyst, showed to be adulterated. His action in the matter ended by his drawing, subscribing, and swearing to the complaint and filing it with the justice, who presumably took such testimony as may have been presented, and issued the warrant upon which plaintiff was arrested. There is an absence of testimony tending to show Howe's connection with any conspiracy to wrong plaintiff, and there is no testimony indicating that he did any further or other act in the premises than as hereinbefore stated, or that he had or took any personal interest in the matter. As to him, the only question that need be considered is whether the undisputed evidence shows that there was probable cause. As there is no conflict in relation to the facts, this was a question for the court to decide, and he correctly held that it failed to show a want of probable cause. See *Rankin* v. *Crane*, 104 Mich. 6 (61 N. W. 1007); *Fine* v. *Navarre*, 104 Mich. 93 (62 N. W. 142); *Rogers* v. *Olds*, 117 Mich. 368 (75 N. W. 933). Moreover, it conclusively appears that Howe did not act maliciously or oppressively. *James* v. *Sweet*, 125 Mich. 132 (84 N. W. 61).

It is contended that the report of the analyst was based upon a half-pint bottle of milk, while the proof shows that plaintiff's milk submitted to him was contained in a pint bottle; that Howe, being employed in the dairy and food commissioner's office, should have ascertained these facts. We do not think so. In the first place, while the report does state that the sample was submitted in a half-pint bottle, it states that it was under a seal numbered H. 696. Havens, Smith, and the analyst agree that the sample so numbered and sent was a pint bottle that was procured from Birdsall. Birdsall says it was a pint bottle, and he does not testify as to the number, except as he produces a receipt bearing a different number, which he said he received from Havens for one bottle. The evidence is clear that an error was made in the report as to the description of the bottle analyzed. But, furthermore, the law requires an analysis to be made, and 3 Comp. Laws, § 11424, makes the certificate *prima facie* evidence of adulteration. See, also, Act No. 268, Pub. Acts 1899, § 6. We are of the opinion that, in the absence of information or belief to the contrary, such a certificate justifies an officer in making a complaint under these statutes.

The only act done by Havens and Smith was the procuring and sending of the two bottles of milk for analysis. This was lawful under the statute. There is no testimony indicating any bad faith in this on the part of Havens. Counsel do claim, however, that Smith was actuated by spite, the only reasons alleged for it being plaintiff's refusal to advertise in a certain newspaper when requested by Smith, and an alleged controversy over the alleged unsanitary condition of plaintiff's premises and milk cans. If it be admitted that Smith caused samples of milk to be obtained and sent for analysis, he did no more than the law required, if he knew, believed, or suspected it to be impure, whatever his feelings toward plaintiff may have been. There is no testimony tending to prove that he did more than this, and therefore no evidence that he had any part in the prosecution, which appears to have been

based solely upon the analysis of the milk which came from the plaintiff's dairy, under the clear proofs in the case.

Counsel contend that the act under which this plaintiff was prosecuted is unconstitutional, and therefore defendants' prosecution was necessarily without probable cause. If the defendants could have been shown to know that such act was unconstitutional and would be declared so, it is possible that some weight might attach to such claim; but inasmuch as they could not have known it, it cannot be said that the making of a complaint to a proper officer was without probable cause upon such a ground. Every statute should be considered valid until there is a judicial determination to the contrary, and these defendants had a right to act upon such assumption. The question whether they had probable cause for making this complaint cannot depend on what may be held as to the validity of the law. We can therefore omit a discussion of the question of constitutionality.

It is also contended that the pleas of the general issue, without any notice of the defenses made, were insufficient, under Circuit Court Rule 7, to support the proof. The general issue is a denial of all things that a plaintiff must establish to maintain his action. Want of probable cause is one of these. *Sweet* v. *Negus*, 30 Mich. 406; *Hamilton* v. *Smith*, 39 Mich. 222; *Smith* v. *Austin*, 49 Mich. 286 (13 N. W. 593); *Spalding* v. *Lowe*, 56 Mich. 366 (23 N. W. 46); *Le Clear* v. *Perkins*, 103 Mich. 131 (61 N. W. 357, 26 L. R. A. 627).

Counsel claim that defendants did not consult the prosecuting attorney, and therefore the court erred in directing a verdict. No attempt was made to excuse an improper prosecution, under the advice of counsel. The question is unimportant.

The judgment is affirmed.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.