[Criminal No. 677. Filed March 19, 1928.]

[265 Pac. 600.]

JESS T. FEARS, Appellant, v. STATE, Respondent.

Mr. John B. Wright, United States Attorney, Mr. Guy Axline, Assistant United States Attorney, Mr. E. S. French, and Mr. H. B. Dechant, for Appellant.

434

Mr. John W. Murphy, Attorney General, Mr. Levi S. Udall, County Attorney, and Mr. Isaac Barth, Special Counsel, for the State.

McALISTER, J.—The appellant, Jess T. Fears, was prosecuted upon an information charging him with the offense of maliciously killing a mare belonging to one Connor Trammell, and the court, sitting without a jury, found him guilty and imposed a fine of one dollar. He has brought the case here asking that the judgment be set aside.

It appears from the stipulation of the parties made at the beginning of the trial and constituting the only evidence in the case that Fears was a forest ranger in the Apache National Forest in Apache county, Arizona, and that he killed the animal in question, the property of Connor Trammell, but did so in the discharge of his duty as such ranger and pursuant to a regulation of the Secretary of Agriculture, regulation T–12, relative to the impounding of livestock, and that in killing it he complied with the substantial provisions of this regulation.

The prosecution is based upon section 602, Revised Statutes of 1913, Penal Code, which provides that:

"Every person who maliciously kills . . . any animal the property of another, . . . is . . . guilty of a misdemeanor."

In finding the appellant guilty the trial court took the view that regulation T–12 was invalid and did not for this reason constitute a defense to the charge of maliciously killing the animal of another. In rendering judgment, however, the statement was made that the question of malice was the serious one in the case, but the conclusion was reached notwithstanding that the regulation relied upon was so manifestly obnoxious to the spirit of the law, in-

stitutions and ideals of this country that it could not justify an acquittal. This view of the legality of departmental order T–12 may be entirely correct, but in our judgment it is not necessary to determine whether it is or not, because the only question presented, as we see it, is whether the appellant killed the animal maliciously, when it is admitted that he did it in the discharge of his duty as prescribed by a regulation of a department of the federal government.

The able and exhaustive briefs filed by both sides on the legality of this regulation would be most valuable to the court if it were necessary to determine this question, but a proper disposition of the appeal requires a consideration of only one assignment, and that is the one raising the correctness of the ruling that the killing of the animal was malicious. In support of the claim that this holding was error, appellant contends that there is nothing in the evidence showing that the killing was malicious, but that, it being agreed that it was done pursuant to a regulation of the Department of Agriculture and in the discharge of his duty as a forest ranger, it does appear that it was not done maliciously, whether the regulation was legal or illegal, for the reason that the circumstances under which the appellant acted were such that they excluded the possibility of the existence of the kind of malice that must be present before one can be guilty of a violation of paragraph 602.

The meaning, which the word "maliciously" as used in this section as well as throughout the Penal Code has, is given in subdivision 4, section 7, of that Code, unless it appears from the context that it has a different one. This section reads:

"The words 'malice' and 'maliciously' import a wish to vex, annoy or injure another person, or an

intent to do a wrongful act, established either by proof or presumption of law.''

It will be observed that under this definition malice may signify either a wish to vex, annoy, or injure another, or merely an intent to do a wrongful act, and it is apparent that they do not mean the same thing. The first has reference to actual malice, to malice in fact, to that state of mind which prompts one to do a thing with the deliberate intention to injure; while the second signifies merely malice in law or that which is inferred from the intentional doing of a wrongful act. The respondent contends, therefore, that in considering paragraph 602 in connection with section 7, subdivision 4, it is seen that the legislature made it just as much an offense to kill the animal of another under the second condition as the first, and, therefore, that appellant could be and was convicted of killing the one in question, not through a wish to vex or injure its owner but because such killing was wrongfully and intentionally done. We are unable to accept this view of the law, for malice is the gist of the offense of which appellant was accused and convicted, and under the authorities it is necessary in a prosecution for a crime the very essence of which is the maliciousness with which it was committed to show that the accused was actuated by spite, ill will, or an evil motive, and not merely that his offense was the result of intentionally doing a wrongful act. Presumptive malice will not suffice; it must be actual. Even in the civil action of malicious prosecution malice of this character is required, and certainly there can be no question but that as much (in the way of ill will or evil motive) is necessary in a criminal prosecution before the principal element of the offense charged, maliciousness, may be said to be proved. This court, speaking through Chief Justice FRANKLIN, in

*Griswold* v. *Horne,* 19 Ariz. 56, L. R. A. 1918A 862, 165 Pac. 318, said of such malice:

"The malice which is the essential element of malicious prosecution is not, like the malice essential in libel, slander, and false imprisonment, a mere fiction of the law; it is a state of mind to be proved as a fact. . . .

"The malice necessary to be established is not even malice in law, such as may be assumed from the intentional doing of the wrongful act, but malice in fact, *malus animus,* indicating the party was actuated either by spite or ill will toward an individual, or by indirect or improper motives."

In *Wiggin* v. *State,* 28 Wyo. 480, 206 Pac. 373, the court in discussing the malice necessary to constitute the offense of unlawfully and maliciously killing a head of neat cattle contrary to the provisions of a statute identical in meaning with section 602, *supra,* used this language:

"The authorities are nevertheless substantially agreed that the malice necessary to constitute the offense is something more than the malice which is ordinarily inferred from the wilful doing of an unlawful act without excuse. The statutes were not intended to make every wilful and wrongful act punishable as a crime, but they are devised to reach that class of cases where the act is done with a deliberate intention to injure. . . . And it seems to be generally held that, in order to bring an offense under the head of malicious mischief it must appear that the mischief was itself the object of the act, and not that it was incidental to some other act, lawful or unlawful."

In *Wright* v. *State of Georgia,* 30 Ga. 325, 76 Am. Dec. 656, which was a prosecution for malicious mischief, in shooting and killing a mule the defendant alleged was in his cornfield, the court made the following statement on the same subject:

"The question to be tried was, not whether he was justified in shooting the mule, but whether his motive

in shooting was malicious? The question of justification would be the issue in an action for damages against him, but on this indictment the issue was malice or no malice. If he shot from the motive of protecting his crop, and not from either ill will to the owner or cruelty to the animal, his motive was not malicious, whether it was justifiable or not, and his act was not malicious mischief.''

See *Leeker* v. *Ybanez*, 24 Ariz. 574, 211 Pac. 864; *State* v. *Churchill*, 15 Idaho 645, 16 Ann. Cas. 947, 19 L. R. A. (N. S.) 835, 98 Pac. 853; *Folwell* v. *State*, 49 N. J. L. 31, 6 Atl. 619; *State* v. *Johnson*, 7 Wyo. 512, 54 Pac. 502; 16 C. J. 80, § 47.

The contention of respondent that appellant was convicted because the killing was wrongful and intentional and not because of a wish to vex, annoy or injure is necessarily, under the authorities, an admission that his act was not prompted by the kind of malice the offense of maliciously killing the animal of another requires. And in so far as this position excludes this character of malice on the part of appellant, it is undoubtedly correct because regulation T–12 upon which appellant acted was promulgated by the Secretary of Agriculture in 1925 pursuant to the Act of Congress of June 4, 1897, 30 Stat. at Large, 35, and the Act of February 1, 1905, amendatory thereof, 33 Stat. at Large, 628 (16 U. S. C. A., § 551), and it has never been declared invalid or even passed upon by any court. These acts empower that official to make such rules and regulations as are necessary to preserve the forests from ·destruction, and provide in addition that any violation of such rules and regulations shall be punished. They and certain rules promulgated under them in 1906 were declared to be legal and valid by the Supreme Court of the United States in *United States* v. *Grimaud et al.*, 220 U. S. 506, 55 L. Ed. 563, 31 Sup. Ct. Rep. 480.

And since, therefore, the Secretary of Agriculture can lawfully make regulations governing the forest service and Congress has provided in effect that such regulations shall have the force of statutes, it follows that a ranger working in that service should comply with these the same as he would legislative acts, and that in so doing, even though they do direct him to kill the animal of another, he cannot in obeying such regulations be guilty of the charge of killing it maliciously. This is true, notwithstanding the fact that the regulation under which he proceeds may be illegal, for whatever might be the effect of its validity in relieving him from liability in a civil action for the damages suffered by the owner as a result of losing his animal, it is clear that, having the force of law until declared invalid, it precludes the existence of the malice required as an element of the offense defined in 602. The constitutionality of a statute is presumed until the contrary is clearly shown. *State* v. *Poulin,* 105 Me. 224, 134 Am. St. Rep. 543, 24 L. R. A. (N. S.) 408, 74 Atl. 119. In *Birdsall* v. *Smith et al.,* 158 Mich. 390, 122 N. W. 626, is found this statement:

"Every statute should be considered valid until there is a judicial determination to the contrary, and these defendants had a right to act upon such assumption. The question whether they had probable cause for making this complaint cannot depend on what may be held as to the validity of the law."

If paragraph 602 made it a crime for one to kill the animal of another wilfully and intentionally merely, omitting the element of maliciousness, it might be that killing one pursuant to regulation T–12 would constitute an offense provided such regulation is invalid, but we are not here concerned with a statute of this character.

440

The judgment of the lower court is reversed and the cause remanded, with directions to discharge the appellant.

ROSS, C. J., and LOCKWOOD, J., concur.