STATE of Iowa, Appellant,

v.

Jimmy Lee CLARK and Steven Leroy Heister, Appellees.

No. 69579.

Supreme Court of Iowa.

April 11, 1984.

Thomas J. Miller, Atty. Gen., Richard L. Cleland, Asst. Atty. Gen., and Michael Kane, County Atty., for appellant.

No appearance for appellees.

Considered by HARRIS, P.J., and McCORMICK, McGIVERIN, SCHULTZ and WOLLE, JJ.

SCHULTZ, Justice.

In this appeal we must determine whether the trial court erred in instructing the jury on the defense of ignorance or mistake of law when the defendants knew their acts were unlawful but did not realize they constituted kidnapping. We conclude the elements of kidnapping merely require proof that defendants deliberately and intentionally did the prohibited act and do not also require proof that they were subjectively aware that they were violating the kidnapping law.

A grand jury indictment was returned against the defendants, Jimmy Lee Clark and Steven LeRoy Heister, charging them with kidnapping in the third degree in violation of Iowa Code section 710.4 (1981). The defendants are the father and stepbrother of a Maquoketa High School student who was involved in a long-standing dispute with another student, the victim. These two students agreed to meet in a parking lot on the evening of August 31, 1982, to settle their differences. When the victim arrived at the designated spot, he encountered not only his adversary but also the defendants and several other individuals. The victim was forced into a van and taken to defendant Clark's salvage yard outside of Maquoketa where he was severely beaten before being released.

At trial, defendants raised the defense of mistake of law. They adduced evidence indicating that the victim and his friends had been mistreating Clark's son at school and elsewhere and that this treatment continued despite repeated complaints to school officials and local law enforcement officers. Each defendant testified that he believed the conduct of forcibly placing the victim in the van and hauling him out of town to private property might result in charges of assault, disturbing the peace or causing a riot. However, each maintained that he had not sought any legal or other advice and had no idea his actions could be construed as kidnapping.

At defendants' request and over the State's objection, the trial court defined ignorance or mistake of law in such a manner as to require the State to prove beyond a reasonable doubt that defendants knew their conduct violated the kidnapping law. The jury found both defendants innocent of the kidnapping charge. The State challenged the court's instructions by filing an application for discretionary review, which we subsequently granted.

Although the State disputes the content of the definitional instructions, its primary argument is that the evidence did not support or warrant the giving of the instructions. The State contends a mistake of law defense might be applicable to this particular charge of kidnapping when the defendants mistakenly believed they had a legal right to remove and confine the victim but not when the defendants did not believe they had authority to confine or remove the victim but only believed their acts were a more minor offense than kidnapping. Essentially, the State argues that since defendants' ignorance of the severity of their offense did not tend to negate any elements of the crime of kidnapping, they

were not entitled to an instruction on the mistake of law defense. We agree.

The defense of mistake of law is codified in Iowa Code section 701.6 (1981):

> All persons are presumed to know the law. Evidence of an accused person's ignorance or mistake as to a matter of either fact or law shall be admissible in any case where it shall tend to prove the existence or nonexistence of some element of the crime with which the person is charged.

Although this section was enacted as a new section in the "Iowa Criminal Code,"[1] it appears to merely codify existing case law. *State v. Freeman*, 267 N.W.2d 69, 74 (Iowa 1978) (ignorance or mistake of fact, if reasonable and not due to carelessness or negligence, is a defense to a crime of intent); *State v. O'Neil*, 147 Iowa 513, 522, 126 N.W. 454, 457 (1910) (exception to rule that ignorance of law is no excuse is a mistake of law which relieves criminal intent).

 Contrary to the court's instructions that the State must prove defendants knew they were committing kidnapping, section 701.6 states that "[a]ll persons are presumed to know the law." Basically this presumption means:

> One is obliged to discover whether his contemplated activity is criminal, and if he acts without such knowledge he runs the risk of violation and consequent criminal prosecution. He may not defend on the grounds that he did not know the act was forbidden. So long as the forbidden act is one which is commonly understood to be morally questionable, or one which unjustifiably endangers persons or property, or is an activity which is commonly regulated, such as the operation of motor vehicles, the requirement is not unreasonably burdensome. It is competent for the legislature to make knowledge of criminality an element of a particular crime. Such crime should be considered an exception to the rule, and the same considerations which prompted the legislature to require knowledge of criminality will require the prosecution to prove

such knowledge without the benefit of the presumption.

4 J. Yeager and R. Carlson, Iowa Practice § 10 (1979). As these authors indicate, the presumption of knowledge prohibits a defense based on defendant's ignorance that an activity violates a particular law except in rare instances in which the legislature makes knowledge of criminality an element of the offense charged.

The presumption codified in section 701.6 is a universally accepted maxim that is based on sound public policy. Were it otherwise, individuals rather than the State would be able to determine what the law is by raising the specter of ignorance in almost every case. In these circumstances, "justice to the individual is rightly outweighed by the larger interests on the other side of the scale." Holmes, Common Law, 48 (1881).

Because the general rule (knowledge of the law is irrelevant) rests on society's overriding needs, exceptions to the rule are strictly limited and arise primarily in crimes requiring a specific intent or mental state which would tend to be negated by a defendant's ignorance or mistake of law. *State v. Savre*, 129 Iowa 122, 132–34, 105 N.W. 387, 391 (1905) (on the charge of willfully voting illegally in the wrong precinct, a defense may be predicated on good faith mistake as to legal residence); *State v. McKinney*, 42 Iowa 205, 207 (1875) (in a charge of perjury based on testimony by defendant that he was a partner, which charge requires knowledge by the defendant that he swore falsely, evidence that defendant had legal advice and believed he was a partner was admissible to show mistake of law and refute charges that defendant swore to something he believed to be untrue).

Other courts have reached similar results. For instance, where the defendants were charged with kidnapping because they held and secreted a suspect, the New York court held that since kidnapping requires a willful intent without authority of

---

1. Acts 1976 (66 G.A.) Chapter 1245, Chapter 1, § 106, effective January 1, 1978.

law, evidence of a mistake at law by the defendants due to an out-of-state agent's act of swearing in the defendants as special deputies was admissible to negate the requisite criminal intent. *People v. Weiss*, 276 N.Y. 384, 12 N.E.2d 514 (1938); *see also U.S. v. Barker*, 546 F.2d 940 (D.C.Cir.1976) (in a charge of interfering with federal rights, members of White House unit that burglarized a psychiatrist's office could raise defense of legal mistake arising from their good faith reliance upon E. Howard Hunt's apparent authority to authorize the warrantless search); *Fears v. State*, 33 Ariz. 432, 265 P. 600 (1928) (in statutory charge of maliciously killing an animal, a ranger may show he was acting under federal regulations to negate spite, ill will or evil motive); *People v. Goodin*, 136 Cal. 455, 69 P. 85 (1902) (in a charge of malicious injury to a public highway, defendant may show a mistaken belief that old road was abandoned because ignorance of law makes malicious intent impossible).

Conversely, the lack of subjective awareness that an activity is unlawful or constitutes a particular crime is not generally a defense. Thus, when John Ehrlichman was charged with conspiracy to violate the federal rights of a psychiatrist in a companion case to *Barker*, conviction was proper even though the underlying substantive crime was one of specific intent and Ehrlichman claimed he did not realize the warrantless search was unlawful. *U.S. v. Ehrlichman*, 546 F.2d 910, 919 (D.C.Cir.1976), *cert. denied*, 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 570 (1977). *See also, U.S. v. Gris*, 247 F.2d 860, 864 (2d Cir.1957) (Even though defendant did not violate state wiretapping law and had no idea he was violating federal wiretapping law when he installed wiretapping apparatus on telephone line of his client's wife, he nevertheless was criminally liable since the willfully

and knowingly element does not require defendant to recognize that his act was unlawful but merely requires him to intentionally do an act which violates the statute); *American Surety Co. of New York v. Sullivan*, 7 F.2d 605, 606 (2d Cir.1925) (The word willful in a criminal statute means no more than that a person charged with a duty knows what he is doing and does not mean, in addition, that he must know he is breaking the law).

■ Section 701.6 could not be used to aid these defendants. The asserted mistake, a lack of subjective awareness that their conduct constituted kidnapping, did not tend to prove the existence or nonexistence of an element of the crime as required by that section. Under the present charge of kidnapping in the third degree,[2] the defendants must have intended to secretly confine the victim knowing they had neither authority nor consent to do so.

As was the case in *Weiss*, defendants would have been entitled to an instruction on this defense if their alleged mistake went to whether or not they had authority to remove or confine the victim. Here, defendants did not claim to be mistaken as to their authority to seize and confine the victim. They merely testified they did not know their activities violated the kidnapping statute. Knowledge they were violating the statute is not an element of the offense. Nor would the defendants' asserted mistake negate the specific intent requirement. It does not matter that defendants secretly confined the victim for the purpose of committing assault rather than kidnapping since all that is required is an intent to secretly confine. In sum, the defendants were not entitled to a mistake of law instruction merely because they never intended to violate this particular law when, in fact, they intentionally did an act

---

**2.** Kidnapping, as pertinent to the charge here, is defined in section 710.1(4) as follows:

A person commits kidnapping when he or she either confines a person or removes a person from one place to another, knowing that he or she has neither the authority nor the consent of the other to do so; provided,

that to constitute kidnapping the act must be accompanied by one or more of the following:

. . . . .

4. The intent to secretly confine such person.

. . . . .

which was a violation of the statute. The trial court erred in giving the instruction.

Since this is a criminal case resulting in an acquittal, the judgment of the trial court is a finality with respect to the discharge of the defendants; however, its action in giving the instruction was error.

REVERSED BUT NOT REMANDED.