# IN THE COURT OF APPEALS OF IOWA

No. 19-1088
Filed September 2, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DOUGLAS KENT LINDAMAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.

The defendant appeals his convictions for two counts of failure to comply with the sex-offender-registry requirements. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and May and Greer, JJ.

**TABOR, Presiding Judge.**

Douglas Lindaman appeals his convictions for two counts of failure to comply with sex-offender-registry requirements. Through counsel, he contests the exclusion of certain evidence and the denial of his motion to dismiss. Counsel also advocates for equitable tolling of Lindaman's registration deadline. Lindaman raises several other issues in pro se briefing.[1] Because no issue raised merits relief, we affirm Lindaman's convictions.

## I. Facts and Prior Proceedings

On June 22, 2018, the district court sentenced Lindaman to incarceration not to exceed two years following his conviction for assault with intent to commit sexual abuse. The court also informed Lindaman that he was "subject to lifetime registration" as a sex offender under Iowa Code chapter 692A (2018). The judgment and sentencing order included these directions:

---

[1] Last year, the Iowa General Assembly enacted a statute foreclosing our ability to consider pro se filings when a defendant has counsel. *See* 2019 Iowa Acts ch. 141 § 30 (codified at Iowa Code § 814.6A(1)). Because Lindaman has appellate counsel, the State argues we cannot consider his pro se briefing. In *State v. Macke*, our supreme court determined other provisions of the same act did not apply to appeals pending on July 1, 2019. 933 N.W.2d 226, 228 (Iowa 2019); *see State v. Gordon*, 943 N.W.2d 1, 5 (Iowa 2020) (reiterating amendments did not apply retrospectively to appeals from judgments entered before statute's effective date). Since then, this court has rejected the State's argument on pro se filings in several cases. *See, e.g.*, *Harlston v. State*, No. 19-0627, 2020 WL 4200859, at *2 n.6 (Iowa Ct. App. July 22, 2020); *Lozano v. State*, No. 18-1180, 2020 WL 4200156, at *3 n.1 (Iowa Ct. App. July 22, 2020); *Hilson v. State*, No. 18-2189, 2020 WL 2060300, at *2 n.2 (Iowa Ct. App. Apr. 29, 2020); *State v. Miller*, No. 18-1839, 2020 WL 1307697, at *6 (Iowa Ct. App. Mar. 18, 2020); *State v. Smith*, No. 18-2052, 2020 WL 376554, at *4 n.1 (Iowa Ct. App. Jan. 23, 2020); *State v. Syperda*, No. 18-1471, 2019 WL 6893791, at *12 (Iowa Ct. App. Dec. 18, 2019). Because the district court entered judgment on June 25, 2019, we can consider Lindaman's pro se supplemental briefs. But we need not address his pro se claims that the new legislation is unconstitutional.

> the Defendant shall register with the sheriff of the county of the Defendant's residence within five days from this date or within five days of release and shall complete all necessary forms and pay all required fees as directed by the sheriff. Following registration, the Defendant shall inform the sheriff of any changes of address within five days of such change.

Lindaman appealed and posted bond, allowing him to remain out of prison.[2]

While the appeal was pending, Lindaman received a visit from a Division of Criminal Investigation (DCI) Special Agent Jack Liao and Floyd County Sheriff's Deputy Jeremy Iriarte. Standing in Lindaman's driveway on July 23, 2018, the officers advised that his conviction required him to register by July 1 and records reflected he had not yet done so.[3] They warned Lindaman to register within five business days—by July 30—or they would file charges. They also told him they could file a separate failure-to-register count for each day since the July 1 deadline, explaining their visit was a "courtesy" to him. They also showed Lindaman DCI Form 144, which restated the registry requirements and included the following warning:

> FAILURE TO ABIDE BY ANY OF THE REQUIREMENTS MANDATED BY IOWA CODE CHAPTER 692A MAY RESULT IN CRIMINAL PROSECUTION UNDER IOWA AND/OR FEDERAL LAW.
>      IN SIGNING BELOW, I ACKNOWLEDGE THAT I HAVE BEEN NOTIFIED OF MY DUTY TO REGISTER WITH THE IOWA SEX OFFENDER REGISTRY; THIS DUTY HAS BEEN EXPLAINED AND I UNDERSTAND MY DUTY TO COMPLY WITH ALL OF THE REQUIREMENTS OF IOWA CODE CHAPTER 692A . . . .

---

[2] On direct appeal, our court affirmed the conviction for assault with intent to commit sexual abuse. *See State v. Lindaman*, No. 18-1147, 2020 WL 821974, at *7 (Iowa Ct. App. Feb. 19, 2020).

[3] June 29, 2018, was five business days after Lindaman's sentencing.

Lindaman asked several questions about the registry requirements, which the officers answered. He then signed the declaration on the form. Lindaman promised to register the next day. Liao photocopied the signed Form 144 at the sheriff's office for Lindaman to pick up when he came in. But Lindaman did not come in.

On August 1, Lindaman received his first citation for failure to register. By August 14, he still had not registered and received a second citation. The deputy arrested him. And because the magistrate required registration as a condition of his pretrial release, Lindaman registered on August 15.[4]

Much pretrial litigation ensued. For instance, Lindaman advanced his interpretation of the registration requirements through successive pro se motions. In response, the State successfully moved in limine to exclude discussion of those court filings, as well as evidence addressing Lindaman's underlying conviction. A jury convicted Lindaman on both counts. Lindaman appeals.

## II. Analysis

Lindaman's appellate counsel alleges the district court committed three errors: (A) excluding evidence of Lindaman's understanding of the registration requirement; (B) denying his motion to dismiss; and (C) declining to apply the doctrine of equitable tolling to his registration deadline. Pro se, Lindaman "augments" counsel's arguments and adds these contentions: (D) he was not given

---

[4] The State filed the matters as case numbers AGCR027152 and AGCR027195 and consolidated the prosecutions for trial. Lindaman waived counsel, and the court appointed Attorney Nellie O'Mara as standby counsel. O'Mara clarified that her office does not take standby counsel appointments, so she remained counsel of record. She and Lindaman split duties in a "hybrid" representation, the exact nature of which is not relevant in this appeal.

adequate notice of the registration requirement; (E) his underlying conviction was flawed; (F) the jury instructions did not properly define "convicted"; (G) the court erred in omitting a questionnaire and jury instructions on sexual-orientation bias, and the judge and prosecutor engaged in misconduct related to Lindaman's sexual orientation; (H) the court should have instructed the jurors that they could ask questions of witnesses; and (I) the prosecution was unconstitutional.

## A. Evidentiary Rulings

Lindaman first challenges several evidentiary rulings, which we review for an abuse of discretion.[5]  *See State v. Webster*, 865 N.W.2d 223, 231 (Iowa 2015). "An abuse of discretion occurs when the trial court exercises its discretion 'on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'"  *Id.* (citation omitted).  Erroneous application of the law constitutes an abuse of discretion.  *See id.*

The district court barred Lindaman from presenting any evidence regarding his legal interpretation of the registry requirements.  This prohibition included any "prior court filings, motions, orders, or briefs" in this case or the underlying sexual

---

[5] To start, Lindaman asserts he is bringing an "actual innocence" claim as recognized in *Schmidt v. State*, 909 N.W.2d 778, 795 (Iowa 2018).  So he argues for a de novo standard of review.  But *Schmidt* does not apply here.  *Schmidt* held that the Iowa Constitution permits a freestanding actual innocence claim—in that case when a statutory deadline for filing a postconviction-relief action had passed—when the applicant pleaded guilty and otherwise could not attack the plea.  909 N.W.2d at 785–86.  Because Lindaman is directly appealing a conviction following a jury trial, he need not invoke *Schmidt*.  He also is not making any ineffective-assistance-of-counsel claims.  *See State v. Brothern*, 832 N.W.2d 187, 191 (Iowa 2013).  So unless a specific claim has a constitutional dimension, normal principles of reviewing criminal convictions on direct appeal governs his appeal.  For constitutional claims, our review is de novo.  *State v. Plain*, 898 N.W.2d 801, 810 (Iowa 2017).

assault case or any transcript or testimony about what was said in the assault case. It also excluded "[a]ny testimony asking witnesses to interpret the Code of Iowa, case law or any other law from any jurisdiction."[6] The court agreed with the State that the court alone "is responsible for determining what the law is and providing the law to the jury," that "[t]he law applicable to the case is outside the purview of any of the witnesses," and that such evidence would be irrelevant, as well as confusing and misleading to the jury.

Lindaman argues the pretrial ruling was an abuse of discretion. At trial, he sought to circumvent the ruling by presenting excluded evidence to the jury. First, he proffered this exchange from the sentencing transcript in his underlying case:

> DEFENDANT: Right. To appeal. All right. Now, when I walk out of here, I want to make sure, am I under registration requirements until I post that July 6th, is my—
> COURT: Yes. And so the sentence will stay in effective until you post the bond.
> DEFENDANT: Post it. Okay. So I have five days to register. I'll probably post it later today. I'm just trying to make sure I'm not in violation of anything.
> COURT: Yeah. The sooner, the better. If you post the appeal bond, then that would stay everything.

Second, to show he did not have a duty to register, he sought to introduce several of his pro se filings showcasing his interpretation of the statute and relevant caselaw on convictions and the sex-offender registration. Under his theory, by posting an appeal bond, he triggered a stay of his registration requirements. Lindaman also theorized he was not "convicted" of a sex offense while his appeal was pending. Referencing the statutory definition of "convicted," Lindaman argued

---

[6] Lindaman intended to call a legal expert to opine on the legal matters in the case. But he does not challenge the court's rejection of that witness in this appeal.

by filing a notice of appeal, he temporarily "set aside" his conviction. *See* Iowa Code § 692A.101(7) (explaining definition of "convicted for sex offender registry purposes" excludes a conviction "which has been reversed or otherwise set aside"). Lindaman intended to testify about his theories but faced repeated relevance objections.

To decide whether the district court was right in sustaining those objections, we examine the rules of evidence. Evidence is relevant when it has a "tendency to make a fact more or less probable than it would be without the evidence" and "[t]he fact is of consequence in determining the action." Iowa R. Evid. 5.401. "Irrelevant evidence is not admissible." Iowa R. Evid. 5.402. And even relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Iowa R. Evid. 5.403.

To determine relevance, we must consider what facts mattered to the jury. The court instructed the jury that failure to register required proof of these elements:

> 1. On or about July 30, 2018,[7] the Defendant had been previously convicted of a sex offense which requires registration as a sex offender under Iowa Code Chapter 692A.
> 2. On or about July 30, 2018, the Defendant failed to appear in person and register his principal place of residence or residence within Floyd County or to register any other relevant information as a sex offender with the Floyd County Sheriff within five business days of being notified with the requirement to register.
> 3. The Defendant knew or reasonably should have known of his duty to register as a sex offender.

---

[7] For Count II, the instruction referred to August 14, 2018.

On the knowledge element, the court added this instruction: "For the Defendant to have knowledge of something means he had a conscious awareness that he was required to register as a sex offender."

As it did below, the State maintains that Lindaman's interpretation of his registry requirement is irrelevant and misleading because (1) the court determines the law and (2) Lindaman's theory that the appeal bond stayed his registry requirement was incorrect. The State is right on both points. When a jury considers a criminal case, "questions of law are to be decided by the court" (preserving the chance for the defendant or the State to object) and "questions of fact are to be tried by jury." Iowa R. Crim. P. 2.21(2). Under this dichotomy, the definition of "previously convicted" is a question of law.[8] Likewise, evidence revealing Lindaman's faulty legal theory that filing his appeal "set aside" his conviction was not probative of any fact of consequence to his prosecution for failure to register. Lindaman had the chance to object to the district court's legal interpretation through extensive pretrial litigation. The court correctly overruled those objections. Consistent with the court's ruling, the sentencing transcript, Lindaman's pretrial filings, and his testimony about his legal theories were irrelevant, and even if relevant, likely to mislead the jury. The district court properly exercised its discretion in rejecting this evidence.

Lindaman separately argues the above evidence tended to show he did not intentionally fail to register, defeating the "knowledge" element of the offense. The

---

[8] The State addressed the factual question of whether Lindaman was previously convicted by offering his judgment and sentence for assault with intent to commit sexual abuse.

jury had to find Lindaman knew or reasonably should have known of his duty to register as a sex offender. In other words, the State needed to prove his "conscious awareness" of the registration requirement. Based on his idiosyncratic legal theory, Lindaman asserts he had no duty to register in the summer of 2018 because the appeal either (1) stayed the duty or (2) "set aside" his conviction until affirmed by an appellate court. Thus, he argues his theory was relevant to show he lacked a conscious awareness of the duty to register.

Under the sex-offender-registry chapter, a person is "convicted" if "found guilty of, pleads guilty to, or is sentenced" for an indictable sex offense. Iowa Code § 692A.101(7). The definition excludes "a plea, sentence, adjudication, deferred sentence, or deferred judgment which has been reversed or *otherwise set aside*." *Id.* (emphasis added). While Lindaman concedes his sexual assault conviction was not reversed, he remains convinced that the appeal "otherwise set aside" the conviction.

In general, there is a presumption that all persons know the law. *See State v. Clark*, 346 N.W.2d 510, 512 (Iowa 1984). "Were it otherwise, individuals rather than the State would be able to determine what the law is by raising the specter of ignorance in almost every case." *Id.* Under *Clark*, Lindaman cannot plead ignorance. The law is not on his side. The supreme court held an appeal does not stay the requirement to register as a convicted sex offender. *Maxwell v. Iowa Dep't of Pub. Safety*, 903 N.W.2d 179, 184 (Iowa 2017); *see also* Iowa R. App. P. 6.601(4) ("No appeal shall vacate or affect the judgment or order appealed from . . . ."). Neither filing his notice of appeal nor posting appeal bond *set aside* Lindaman's judgment of conviction. *See Maxwell*, 903 N.W.2d at 184 (discussing

definition of "convicted" in section 692A.101(7)).[9]  "Under the plain meaning of Iowa Code section 692A.103(1), read together with the statutory definition of 'convicted,' registration is automatically required for an Iowa resident upon the conviction of the sex offense unless and until that conviction is reversed or set aside." *Id.*

Lindaman's interpretation of the law was incorrect, as the district court repeatedly ruled in pretrial motions and during trial.[10]  We see no error in the court's interpretation of the relevant law and no abuse of discretion in its refusal to allow Lindaman to espouse his misinterpretation of the law to the jury.

## B. Motion to Dismiss

Next, Lindaman claims the district court erred by not granting his motion to dismiss.  We review the ruling on a motion to dismiss under Iowa Rule of Criminal Procedure 2.11(6) for correction of errors at law.  *See State v. Johnson*, 528 N.W.2d 638, 640 (Iowa 1995).  Because Lindaman's motion focused on the erroneous interpretation of law explained above, we affirm the convictions.

Lindaman insists he had no duty to register.  Or, if a duty existed, he did not know about it.  As discussed above, Lindaman *did* have a duty to register under

---

[9] Lindaman encourages us to use principles of statutory interpretation to reach his understanding of "otherwise set aside."  We review a statutory interpretation challenge for correction of legal error. *Noll v. Iowa Dist. Ct.*, 919 N.W.2d 232, 234 (Iowa 2018).  But we are bound by the interpretation in *Maxwell.  See State v. Martin*, No. 01-1525, 2002 WL 1767138, at *1 (Iowa Ct. App. July 31, 2002) ("[I]t is the prerogative of the supreme court, as the court of last resort in our state, to determine the law.").

[10] At one point, while Lindaman tried to testify his conviction was "otherwise set aside," the court threatened to direct the jury to find he had been "previously convicted of a sex offense which requires registration as a sex offender," as set out in the marshalling instruction.

the interpretation of chapter 692A in *Maxwell*, 903 N.W.2d at 184. So the court correctly denied his motion to dismiss. *See State v. Marti*, 290 N.W.2d 570, 578–79 (Iowa 1980) (discussing grounds for dismissal in Iowa Rule of Criminal Procedure 10(6)(a), later recodified as rule 2.11(6)); *see also* Iowa R. Crim. P. 2.11(6)(a) ("If it appears from the . . . information and the minutes of evidence that the particulars stated do not constitute the offense charged in the . . . information, or that the defendant did not commit that offense . . . the court may and on motion of the defendant shall dismiss the . . . information . . . ."). But Lindaman urges that his conversation with the sentencing court gave him the impression he did not have to register during his appeal. True, the short excerpt of the sentencing hearing he highlights could be viewed as misleading on the requirement to register. But his quick exchange with the sentencing court is of no consequence because that time frame did not undergird the prosecution.

Instead, the two charges follow the July 23 visit from Deputy Iriarte and Agent Liao, who informed Lindaman he *did* have a duty to register as a sex offender during the appeal. They answered his questions and told him they would not bring charges if he registered within five days. Lindaman signed a declaration acknowledging he understood his duty to comply with chapter 692A. And he told the officers he would appear at the sheriff's office the next day.

Under Iowa Code section 692A.111, it is an aggravated misdemeanor to violate any registry requirement when the sex offender "knows or reasonably should know of the duty to fulfill" the requirement. The trial information and the minutes alleged that Lindaman twice failed to register with the county sheriff despite officers reminding him of the requirement. Plus, he affirmed he was aware

of and planned to comply with the duty. The particulars set out in the filings constitute the offenses charged; Lindaman was not entitled to a dismissal under rule 2.11(6).

## C. Equitable Tolling

Next, Lindaman argues we should apply the doctrine of equitable tolling to change his registration deadline.[11] Equitable tolling includes "a court's discretionary extension of a legal deadline as a result of extraordinary circumstances that prevented one from complying despite reasonable diligence throughout the period before the deadline passed." *Equitable Tolling*, *Black's Law Dictionary* (11th ed. 2019). Lindaman asserts he is entitled to this remedy because statements by the sentencing court created confusion and failed to give him fair notice of his registration requirement.

The State asserts Lindaman never brought up equitable tolling in the district court. So the district court never considered that remedy. "[I]issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). We decline to consider this unpreserved claim.

## D. Notice of Duty to Register

Somewhat echoing his earlier claims, Lindaman alleges the sentencing judge gave him inadequate notice of the registration requirement. He cites several code sections setting out notification duties for the court. As discussed above,

---

[11] Litigants have raised the prospect of equitable tolling in late-filed postconviction-relief actions. But Iowa courts have not adopted the doctrine in that context. *See Fagan v. State*, No. 10-0739, 2012 WL 3854636, at *1–2 (Iowa Ct. App. Sept. 6, 2012) (collecting cases).

these allegations do not require reversal. First, the judgment-and-sentencing order set out his duty to register. Second, Lindaman knew of his duty because he asked the court if filing an appeal bond would stay that requirement. Third, even if the sentencing court provided inadequate notice, the charges followed a "courtesy" visit from the law enforcement officers who were enforcing the registration requirements. They notified him of his duty to register and secured his agreement that he understood his duty and would register the next day.

Lindaman also contends the notice he received from the officers failed to satisfy the duty-to-facilitate-registration provisions in Iowa Code section 692A.109(1). That section "imposes a duty upon the sheriff or warden of the jail or prison from which the sex offender is released or the court [if the offender is convicted without incarceration] to inform the sex offender of his or her obligations under chapter 692A." *See State v. Dawson*, No. 13-0752, 2015 WL 1546353, at *7 (Iowa Ct. App. Apr. 8, 2015). Lindaman does not show that any of the contingencies in section 692A.109(1) applied to the officers' visit to his home after sentencing. We thus reject his complaints about the adequacy of the notification he received from the officers.[12] Even if section 692A.109 did govern, we find the officers substantially complied with their duties under that section.

---

[12] Here and elsewhere, Lindaman imports principles from contract law into his arguments. For example, he asserts the officers engaged in fraud and misrepresentation by inducing him to sign the form. We have considered these arguments and, finding contract-law principles inapplicable, reject them without further discussion.

## E. Challenges to the Assault Conviction

Lindaman asserts his conviction for assault with intent to commit sexual abuse is invalid for various reasons. This appeal is not the appropriate forum to challenge the predicate offense.

## F. Jury Instructions Defining "Convicted"

Lindaman next complains several jury instructions used the terms "convicted" or "previously convicted" without specifying that the statutory definition excludes those convictions that have been "reversed or otherwise set aside."[13] We find no error in the district court's omission of the additional language. The instructions conveyed the applicable law without embracing Lindaman's misinterpretation that his appeal "set aside" the conviction.

## G. Issues Related to Sexual Orientation

Lindaman next asserts the district court erred in rejecting his request for a juror questionnaire and jury instructions addressing his identity as a gay man.

First, Lindaman wanted to submit a sixty-item questionnaire to the potential jurors to "ascertain [their] bias over sexual issues." The court's refusal to require jurors to answer Lindaman's lengthy survey is not a ground for reversal. The court enjoys broad discretion to control voir dire. *State v. Martin*, 877 N.W.2d 859, 865 (Iowa 2016). We find no abuse of that discretion here. The court instructed the jurors on conscious and unconscious bias. The court also showed the jury a video

---

[13] We review challenges to jury instructions for correction of errors at law. *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018). "Jury instructions 'must convey the applicable law in such a way that the jury has a clear understanding of the issues it must decide.'" *Id.* at 138 (citation omitted).

on unconscious bias. And Lindaman had a chance to probe for any bias based on sexual orientation during jury selection.

Second, Lindaman proposed two jury instructions on prohibiting bias in jury deliberation that included the category of sexual orientation. The district court rejected that proposal, favoring this more general instruction:

> As you consider the evidence, do not be influenced by any personal sympathy, bias, prejudice or emotions. Because you are making very important decisions in this case, you are to evaluate the evidence carefully and avoid decisions based on generalizations, gut feelings, prejudices, sympathies, stereotypes or biases. The law demands that you return a just verdict, based solely on the evidence, your reason and common sense, and these instructions. As jurors, your sole duty is to find the truth and do justice.

This bias instruction conveyed the applicable law and encompassed the issue of sexual-orientation bias. Besides, Lindaman's sexual orientation was not relevant to the failure-to-register charges. The court excluded discussion of the facts of his assault conviction. Lindaman was the only party to bring up his sexual orientation. We find no error in the court's handling of this issue.

Beyond those two claims, Lindaman accuses the prosecutor and the trial judge of misconduct by engaging in acts which "inflict public spite and ridicule upon the gay defendant." We find no basis in fact or law for his accusations.

## H. Juror Instruction on Submitting Questions to Witnesses

Next, Lindaman contends the court erred in refusing to instruct the jurors that they could submit written questions to witnesses during deliberations. Granted, it may be appropriate for a juror to submit a question to a witness. *See State v. Buchanan*, 800 N.W.2d 743, 748–49 (Iowa Ct. App. 2011). But this procedure is at the court's discretion. *Cf. id.* (expressing skepticism that the court

should *invite* juror participation in questioning witnesses). We find no abuse of that discretion here. Plus, Lindaman does not suggest what questions would have been lingering for the jurors during deliberations and has shown no prejudice from the absence of the proposed instruction.

## I. Constitutional Issues

Finally, Lindaman complains he did not receive a "due process hearing" before being required to register as a sex offender. He also contends the registry requirement is an illegal "Bill of Pains and Penalties"—akin to a bill of attainder. Our supreme court rejected similar contentions in *State v. Willard*, 756 N.W.2d 207, 215 (Iowa 2008). The requirement that Lindaman register as a sex offender is the statutory consequence of his conviction in the assault case. We thus find no constitutional violation.

## III. Conclusion

Having considered all recognizable arguments raised by counsel and by Lindaman pro se, we detect no grounds for reversal. If we have not specifically addressed certain claims, it is because they are underdeveloped or without merit.

**AFFIRMED.**