STATE of Iowa, Appellee,

v.

James Clay TIPPETT, Appellant.

No. 99–0151.

Supreme Court of Iowa.

March 21, 2001.

Linda Del Gallo, State Appellate Defender, John P. Messina, Assistant State Appellate Defender, and Donald D. Stanley, Jr., Student Legal Intern, for appellant.

Thomas J. Miller, Attorney General, Mary E. Tabor, Assistant Attorney General, J. Patrick White, County Attorney, and Anne M. Lahey, Assistant County Attorney, for appellee.

CARTER, Justice.

Defendant, James Clay Tippett, who was convicted of failure to register as a sex offender in violation of Iowa Code section 692A.7(1) (1997), challenges his conviction on the basis that it was not supported by substantial evidence when the record is considered as a whole.[1] After reviewing the record and considering the arguments

1. The trial information and the district court's written judgment entry both identify Iowa Code sections 692A.3(3) and 692A.2(1) as the statutes under which defendant was charged and sentenced. Although these statutes establish the duty to register, it is section 692A.7(1) that establishes a crime for failure to register. Both Iowa Rule of Criminal Procedure 22(3)(d) and Iowa Code section 901.6 require inclusion in the judgment entry of the statute under which defendant is sentenced. Errors in the statutory designation do not alter the legal effect of the judgment, however, if the intent is clear and no prejudice exists. *State v. Victor*, 310 N.W.2d 201, 205 (Iowa 1981). We are convinced that the statutes that were identified in the trial information and judgment entry adequately identified the conduct that was deemed to be criminal. Moreover, defendant argues the statutory interpretation issue raised on this appeal in the context of the language contained in section 692A.7(1) thus confirming his awareness of the statute on which his conviction was based.

presented, we agree with defendant's contention and reverse the judgment of the district court.

In 1991 defendant was convicted in Illinois of aggravated sexual abuse involving a minor and sentenced to prison. He was released in 1993. In 1997, while still under parole supervision by Illinois authorities, he attended the University of Iowa in Iowa City. Sometime in 1998 he was brought to the attention of Iowa authorities when a mother complained that defendant was frequenting an area near her home where her young son played and was interacting with her son and other neighborhood children. After local police asked defendant for identification, a criminal history check revealed his Illinois conviction. The State contends that, as a result of defendant's moving from Illinois to Iowa, he was required to register as a sex offender in Johnson County no later than September 4, 1997.

There are two issues for our decision as a result of the argument defendant presents. These are: (1) must a defendant know of the duty to register as a sex offender in order to be convicted of failure to register; and (2) if the first inquiry is answered in the affirmative, was there sufficient evidence presented at defendant's trial to show that he was aware of a duty to register.

## I.  *Does Guilt Require Knowledge of a Duty to Register?*

■ The statute under which defendant was convicted provides as follows:

A willful failure to register as required under this chapter is an aggravated misdemeanor for a first offense and a class D felony for a second or subsequent offense. However, a person who willfully fails to register as required under this chapter and who commits a criminal offense against a minor, sexual exploitation, or a sexually violent offense is guilty of a class C felony. Any fine imposed for a second or subsequent offense shall not be suspended. The court shall not defer judgment or sentence for any violation of the registration requirements of this chapter. The willful failure of a person who is on probation, parole, or work release, or any other form of release to register as required under this chapter shall result in the automatic revocation of the person's probation, parole, or work release.

Iowa Code § 692A.7(1) (1997). Defendant argues that a "willful failure to register" as required by the statute may only occur if the alleged perpetrator is aware that there is a legal duty to register. In response the State urges that our decisions have not generally interpreted the word "willfully," when used in a criminal statute, as requiring knowledge by accused persons that their conduct was against the law.

Although Iowa Code section 701.6 sets forth a presumption that all persons know the law, that presumption does not operate to aid the State's case in situations in which the legislature has made knowledge of criminality an element of the crime. *State v. Clark,* 346 N.W.2d 510, 512 (Iowa 1984). In this regard, our law is consistent with federal criminal law, which, though generally adhering to "the venerable principle that ignorance of the law generally is no defense to a criminal charge," recognizes that "[i]n particular contexts, however, Congress may decree otherwise." *Ratzlaf v. United States,* 510 U.S. 135, 149, 114 S.Ct. 655, 663, 126 L.Ed.2d 615, 627 (1994).

In *Ratzlaf* the Supreme Court concluded that with respect to the crime of "willfully violating" the statutory provision prohibiting the structuring of bank deposits, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful." *Id.* at 137, 114 S.Ct. at 657, 126 L.Ed.2d at 620. The Court concluded that, unless the word "willful" was given that meaning, it would serve no consequence in the meaning of the statute. *Id.* at 140–41, 114 S.Ct. at 659, 126 L.Ed.2d at 622 ("Judges should hesitate so to treat statutory terms in any setting, and

resistance should be heightened when the words describe an element of a criminal offense.").

This court relied in part on *Ratzlaf* in holding that, in order to establish willful violation of our statutes proscribing the making of a campaign contribution in the name of another, the State is required to show that the accused persons acted with knowledge that their conduct was unlawful. *State v. Azneer*, 526 N.W.2d 298, 300 (Iowa 1995). We deem knowledge of criminality to be particularly appropriate as an element of a crime in cases in which the criminal prosecution is based on the failure of the accused to perform some act that is required only as a result of a statutory mandate. This has been our approach in cases involving the failure to file income tax returns that are required by law. *See State v. Osborn*, 368 N.W.2d 68, 70 (Iowa 1985).

In *Osborn* we described the words "willfully failing" as denoting a voluntary and intentional violation of a known legal duty. *Id.* We stated that this interpretation gave that term "its ordinary meaning." We believe that characterization is accurate. A dictionary definition of "willful" fixes the meaning of that word as "said or done deliberately or intentionally." Webster's Twentieth Century Dictionary 2093 (unabr. ed.1979). There are an inconceivable number of actions that a person might take on any given day that are not taken. As to only some of these is any conscious decision made. In those situations in which a conscious decision not to perform an act is lacking, this does not satisfy the dictionary definition of "willful" requiring that an act or failure to act be deliberate or intentional. Within the context of the present controversy, it is not a natural act, even for persons convicted of crimes designated as sexually predatory, to voluntarily register one's name and address with authorities. Consequently, if a person is not aware of a legal duty to perform such registration, there is no natural process that prompts the mind to consider the choice of whether or not to register. We hold that proof of the offense of willful failure to register in violation of section 692A.7(1) requires the State to show a voluntary and intentional violation of a known legal duty. That showing requires proof that the accused knew that registration was required by law.

## II. *Did the State's Evidence Show Defendant Was Aware of the Legal Duty to Register with Iowa Authorities?*

The trial information in the present case charged defendant with failure to register as a sex offender in Johnson County, Iowa, and thus we must consider defendant's argument within the context of his legal duty to register there. Defendant testified that no one in the Illinois court system or correction system had advised him of a legal duty to register as a sex offender in another state should he establish residence there and otherwise denied knowledge of such duty. The State contends that we may infer that the contrary is true because, under Illinois law, corrections officials were required to so advise defendant when he was released from prison in that state. Our examination of the statutory law on which the State relies does not expressly support that claim.

When defendant was released from prison in Illinois in December of 1993, the applicable Illinois sex-offender-registration statute provided in relevant part:

Any child sex offender as defined by this Article, who is discharged or paroled from a prison, hospital or other institution or facility where he was confined because of a conviction of one of the offenses defined in subsection (B) of Section 2 of this Article shall prior to discharge, parole or release, be informed of his duty to register under this Article, by the facility in which he was confined.

The facility shall require the person to read and sign such form as may be required by the Department of State Police stating that the duty to register

and the procedure for registration has been explained to him. The facility shall further advise the person in writing that the failure to register or other violation of this Article shall result in revocation of parole, mandatory supervised release or conditional release. The facility shall obtain the address where the person expects to reside upon his or her discharge, parole or release and shall report the address to the Department of State Police ... which shall notify the law enforcement agency having jurisdiction where the person expects to reside upon his or her discharge, parole or release.

730 Ill. Comp. Stat. § 154/4 (1986). Noticeably absent from that statute is any reference to advising the offender of a duty to register in another state upon moving there. This omission was cured by an amendment to the statute effective January 1, 1996, which provided:

The facility or institution shall also inform any person who must register that if he or she establishes a residence outside of the State of Illinois, is employed outside of the State of Illinois, or attends school outside the State of Illinois, he or she must register in the new state within ten days after establishing the residence if that state has a registration requirement.

Ill. Pub. Act 89–8 art. 20, § 20–20 (effective January 1, 1996). It appears that, at the time defendant was released from prison in 1993, Illinois correctional officials were not expressly tasked to advise him concerning the duty to register in another state to which he might move.

Irrespective of the requirements of Illinois law, the State's argument based on the probability that defendant would have been advised by Illinois correction authorities of a duty to register in a new state of residence is based on an unsupported presumption. If such advice had been given to defendant, there should have been a source of evidence for the State to produce at trial. The failure to produce such evidence does as much or more to suggest that defendant was not advised of a duty to register in another state than any presumption the State might rely upon does to suggest that he was so advised.

■ The State's only other contention concerning defendant's awareness of a legal duty to register is a reliance on the fact that he has moved from place to place since his discharge from prison. The State suggests that this was an effort to avoid registration. The State cannot circumstantially prove the existence of a fact by relying on a circumstance that is itself dependent upon the fact's existence. In order to tie defendant's nomadic tendencies to an attempt to avoid registration, the State would have to independently establish that he knew of the registration requirement. Standing alone, defendant's frequent moves from place to place are not indicative of that knowledge. When the record is viewed as a whole, the State's evidence is insufficient to establish that defendant was aware of a duty to register. The verdict should have been directed in his favor.

We have considered all issues presented and conclude that the judgment of the district court must be reversed. The case is returned to that court for entry of judgment of acquittal.

**REVERSED.**