# IN THE COURT OF APPEALS OF IOWA

No. 15-0885
Filed June 15, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**ALAN LEE LUCAS,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Paul D. Miller (trial) and Christopher L. Bruns (sentence), Judges.

Alan Lucas appeals from judgment and sentence entered upon his conviction for failure to appear. **AFFIRMED.**

Mark C. Smith, Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Jean C. Pettinger and Tyler J. Buller, Assistant Attorneys General, and Joseph Nehring, Student Legal Intern, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Tabor, JJ.

**DANILSON, Chief Judge.**

Alan Lucas appeals from judgment and sentence entered upon his conviction for failure to appear. Because there is substantial evidence to support the conviction and the court did not abuse its discretion in imposing sentence, we affirm.

**I. Background Facts and Proceedings.**

Alan Lucas was charged with ongoing criminal conduct. The first day of trial was Monday, October 21, 2013, and Lucas was in attendance. On Tuesday, October 22, Lucas was not present. On Wednesday, October 23, 2013, a jury found Lucas guilty of ongoing criminal conduct.

As a consequence of Lucas's absence from the October trial, he was charged with failure to appear—the trial information alleged that on or about the 22nd day of October, 2013, defendant unlawfully and willfully failed to appear for a court proceeding in Linn County District Court in connection with a charge which constituted a felony offense, in violation of Iowa Code section 811.2(8) (2013). Minutes of testimony indicate there would be testimony that:

> [O]n or about October 21, 2013, the defendant herein, Alan Lee Lucas, was being tried on felony charges of Ongoing Criminal Conduct and Theft in the First Degree in State v. Alan Lee Lucas, Linn County cause number FECR94149. The trial on these felony offenses proceeded as scheduled on October 21st but, on the following day, the defendant failed to appear and the trial proceeded in his absence. The defendant was found guilty of both offenses by a Linn County jury on October 23, 2013. The defendant communicated by e-mail with his attorney, Mike Lahammer, on the second day of trial claiming he had to go home to Wisconsin because his son was allegedly involved in a car accident and was hospitalized in the state of Wisconsin. However, when the matter was further investigated it was learned that the defendant had purchased a one-way ticket for an air flight to India which was scheduled to leave on Thursday, October 24, 2014. The

defendant was apprehended and arrested at a residence in Kenosha, Wisconsin, and was eventually extradited back to the state of Iowa after the defendant failed in his attempt to fight extradition. They will all testify to further facts and details regarding this case.

Additional minutes of testimony provide:

[An officer of the] Linn County Sheriff's Office, Cedar Rapids, Iowa, will testify that he is a sworn deputy sheriff assigned to the transportation division of the Linn County Sheriff's Office. He will testify regarding his major responsibilities and duties in the transportation division which include, on occasion, traveling to other states to provide transportation for prisoners taken into custody on warrants of arrest issued in Linn County matters. He will testify that on or about March 3, 2014, he was assigned to transport the defendant herein, Alan Lee Lucas, from Kenosha, Wisconsin, to Linn County after the defendant had been arrested in their jurisdiction on a warrant of arrest that had been issued when the defendant, Alan Lee Lucas, failed to appear for his second day of trial in connecting with criminal charges filed in Linn County cause number FECR # 94149. This witness will testify to further facts and details concerning this case.

Lucas stipulated to a trial on the minutes. The district court found Lucas guilty as charged. Lucas filed a motion in arrest of judgment, asserting he was challenging his ongoing-criminal-conduct conviction in federal court, which he "believe[s] . . . will be held to be invalid," and would warrant a reversal of the instant charge. The court denied that motion.

At sentencing, the State recommended that a five-year term of incarceration be imposed. The State also recommended that the term be consecutive to the sentences on previous convictions in "recognition that when you fail to appear for your trial as ordered, that's a serious offense that goes to the very heart of the integrity and authority of the justice system." Lucas's attorney argued for imposing a term concurrent to the other sentences. In allocution, despite the district court's attempt to have Lucas focus on the

sentencing issue, Lucas offered a lengthy explanation of his going to Wisconsin, including that his son had injured his wrist and needed to seek medical attention, and that Lucas needed to pick up "documentation" to be presented to the court and then was hampered in returning by bad weather. Lucas stated, "I told my attorneys and I text messaged with the attorney that morning and said—before trial and said, I'm late. There is a snowstorm between Cedar Rapids. Go back to the facts of the case. Go back to that and look at the weather report." In short, "I wasn't fleeing. The circumstances could be interpreted that way, but I wasn't fleeing." After some time he also stated:

> I was not caught on the run. I was picked up at my own driveway where I had to take care of a need in my neighborhood and then was preparing to drive here.
> If my son who was 17 at the time was here, he'd tell you that's exactly what happened and he'd bring the doctor's report from that morning that we had to go to the insta-care for his wrist. He would testify to that. I let that go.
> So my saying is take this into consideration. The circumstances could look bad, but if you punish me for that, I'm not fleeing. I never intended to flee. I've always intended to hit this head-on and now I'm actually feeling like I'm being punished for saying that I should—I'm defending myself and on top of that, even questioning the jurisdiction and qualifications of the underlying case.

Lucas asked the court to impose concurrent sentence, if any, and to postpone sentencing to allow the federal court to rule on his unspecified challenge.

The district court sentenced Lucas to a five-year term of imprisonment, which was to be served consecutively to the sentence imposed upon his conviction of ongoing criminal conduct.

Lucas appeals, contending there is insufficient evidence to sustain the conviction, trial counsel was constitutionally defective, and the court abused its discretion in imposing consecutive sentences.

## II. Scope and Standard of Review.

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013).

> In reviewing challenges to the sufficiency of evidence supporting a guilty verdict, courts consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence. We will uphold a verdict if substantial record evidence supports it.
>
> *State v. Romer*, 832 N.W.2d 169, 174 (Iowa 2013) (citation omitted).
> "We review claims of ineffective assistance of counsel de novo." *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011).

*State v. Showens*, 845 N.W.2d 436, 439-40 (Iowa 2014).

## III. Discussion.

*A. Sufficiency.* There is no question Lucas was required to be present at his felony trial. *See* Iowa R. Crim. P. 2.27(1).[1] There also is no question that he did not attend the second day of his trial, Tuesday, October 22, 2013. The minutes of testimony state Lucas emailed his attorney that he had to return to Wisconsin because his son was involved in a car accident and was hospitalized.

---

[1] Rule 2.27(1) provides:
> In felony cases the defendant *shall be present* personally or by interactive audiovisual closed circuit system at the initial appearance, arraignment and plea, unless a written arraignment form as provided in rule 2.8(1) is filed, and pretrial proceedings, *and shall be personally present at every stage of the trial* including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

(Emphasis added.)

The email acknowledges that Lucas understood his absence required explanation. *See State v. Johnson*, 770 N.W.2d 814, 824 (Iowa 2009) ("We have defined 'willfully' as a voluntary or intentional violation of a known legal duty."); *State v. Tippett*, 624 N.W.2d 176, 177 (Iowa 2001) (noting that if a defendant "acted with knowledge that his conduct was unlawful," then his conduct was "willful" (citation omitted)). The minutes of testimony state, however, that it was learned Lucas had purchased a one-way ticket for a flight to India that was scheduled to leave on Thursday, October 24.[2] These circumstances support the inference Lucas's failure to appear at his criminal trial was willful.

We decline Lucas's suggestion that the failure of the minutes of testimony to identify his bail conditions support his claim that there was insufficient evidence to support his conviction. No matter what his bail conditions, Lucas was required to appear for his entire trial. *See* Iowa Code § 811.2 (stating the order for release from custody is "pending judgment or entry of a deferred judgment"). The district court could infer Lucas was released under some sort of bail conditions by Lucas's ability to travel to Wisconsin absent an escape from custody.

There is substantial evidence to support the conviction.

*B. Effective counsel.* Lucas contends trial counsel was ineffective in (1) failing to assert Lucas's right to attorney-client privilege with respect to the information shared by his trial counsel in the ongoing-criminal-conduct case (about the email as to his absence); and (2) failing to object to the minutes of

---

[2] The minutes of testimony state the ticket was for October 24, 2014, rather than 2013. But both parties acknowledge this is an apparent typographical error because October 24, 2014, would not be a Thursday.

testimony about the one-way ticket as being from a person without first-hand knowledge. We preserve these claims for possible postconviction relief proceedings as the record is inadequate to address them. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) ("Generally, we do not resolve claims of ineffective assistance of counsel on direct appeal. Rather, we preserve such claims for postconviction relief proceedings, where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims." (citations omitted)).

*C. Sentence was not an abuse of discretion.* A sentence imposed in accordance with applicable statutes will be overturned only for an abuse of discretion or the consideration of inappropriate matters. *State v. Formaro,* 638 N.W.2d 720, 724 (Iowa 2002). An abuse of discretion will be found only when a court acts on grounds clearly untenable or to an extent clearly unreasonable. *Id.* "The court is not permitted to arbitrarily establish a fixed policy to govern every case." *State v. Lathrop*, 781 N.W.2d 288, 299 (Iowa 2010) (citations omitted); *accord State v. McKeever,* 276 N.W.2d 385, 387 (Iowa 1979) (stating "each [sentencing] decision must be made on an individual basis").

Lucas contends the court's sentence "reveals a fixed policy regarding the imposition of a consecutive sentence for failure to appear offenses." The record does not support that claim. The district court gave adequate and rational reasons for the imposition of consecutive sentences in this case:

> I deem the opportunity to rehabilitate this Defendant to not be particularly significant. He has been very recalcitrant. I appreciate your constitutional position, sir. You don't have to not

show up for your criminal trial to preserve your constitutional issues.  You can challenge the results of the trial, which would be the normal way of doing it.

I feel that the community needs to be protected from further offenses by the Defendant and I am moved in large part by the nature of this offense.  We urge people to use the system and not misuse the system.  To use the system here, you certainly could challenge, as you are, through appealing your underlying conviction.

You can file ancillary action in the federal court and challenge whether there is jurisdiction and ask the trial court to intervene when you think there isn't.  But if you do all that, you still need to appear for your criminal trial.

. . . .

Again, I recognize you have a right to appeal your other case and you have a right to challenge that in federal court if you so choose.  You're exercising those rights and I certainly don't begrudge you doing that.  You have a right to assert whatever constitutional or other legal arguments you wish.

And maybe those will be found to be founded arguments, but even if you unravel the underlying case, that doesn't change the fact that you were supposed to appear for your trial.  One case doesn't topple just because the other case topples, because you're still required to appear for the trial even if you argue that the trial shouldn't be taking place or that you're innocent.

. . . With regard to the consecutive sentences, my primary reason for ordering consecutive sentences in this case is really twofold.  I don't think the Defendant really shows any remorse.  This is a totally separate criminal occurrence from the original offenses.  It has to do with the trial of those offenses, but nothing to do with the underlying facts of those offenses.

And in addition, as Mr. Vander Sanden argued, I think it is important that we set the appropriate precedent here.  There is a reason we have a statute that makes it a felony to not appear for your felony trial.  It's because you're supposed to appear for a felony trial.

The court's reasoning does not reveal a fixed policy.

Because there is substantial evidence to support the conviction and the court did not abuse its discretion in imposing sentence, we affirm.

**AFFIRMED.**