# IN THE SUPREME COURT OF IOWA

No. 37 / 04-0078

Filed April 21, 2006

**ISAAC BENJAMIN KRUSE**,

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR HOWARD COUNTY**,

Defendant.

---

Certiorari to the Iowa District Court for Howard County, Margaret L. Lingreen, Judge.

Probationer challenges via certiorari an order requiring him to register as a sex offender. **WRIT ANNULLED.**

Kevin E. Schoeberl of Story & Schoeberl Law Firm, Cresco, for plaintiff.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Joseph M. Haskovec, County Attorney, for defendant.

**CARTER, Justice.**

Having received a suspended sentence following conviction, by plea of guilty, of the aggravated misdemeanor of assault with intent to commit serious injury in violation of Iowa Code section 708.2(1) (2003), Isaac Benjamin Kruse was cited for a violation of his probation. The violation report alleged that he had failed to register as a sex offender as specified in his probation agreement and had failed to participate in a prescribed sex offender education program. The district court found these violations to have occurred. Kruse sought to appeal that ruling, and this court, concluding that it was not a proper subject for appeal, has agreed to review the ruling by certiorari. After reviewing the record and considering the arguments presented, we annul the writ of certiorari.

Kruse was originally charged with third-degree sexual abuse in violation of Iowa Code section 709.4, a class "C" felony. The trial information alleged that Kruse, who was seventeen, performed a sex act with a thirteen-year-old girl. His effort to transfer the case to juvenile court was unsuccessful. Eventually, pursuant to a plea agreement, the offense charge was amended downward to the aggravated misdemeanor of assault with intent to inflict serious injury. Kruse entered a written plea of guilty to the amended charge.

In his written plea of guilty, Kruse recited:

> My lawyer has informed me of the elements of the crime I have been charged with. Such elements are listed below as follows:
>
> Assault with Intent to Inflict Serious Injury.
> (a)  That on or about March 22, 2001;
> (b)  While in Howard County, Iowa;
> (c)  I did assault a person (Child K);
> (d)  With the intent to inflict serious injury.

> If I plead not guilty, the State must prove each element beyond a reasonable doubt to convict me. By pleading guilty, I admit they can prove each and all elements.

He further recited in the written plea:

> I know that the Court must be satisfied that there is a factual basis for a plea of guilty before my plea can be accepted. I represent to counsel and to the Court that the Minutes of Testimony accurately describe what happened in all significant aspects. In the event that I disagree with the Minutes of Testimony, the facts are as follows:
> [Nothing stated].

The district court accepted Kruse's guilty plea. An indeterminate prison sentence of two years was imposed, but that sentence was suspended, and Kruse was placed on probation for two years. The sentencing order expressly provided a no-contact order for protection of the victim and directed that Kruse "participate in sexual abuse counseling." The sentencing order did not mention registration as a sex offender.

Kruse's probation officer prepared a probation agreement that Kruse signed on September 25, 2003. That agreement was also signed by Kruse's mother. In that document, Kruse agreed that he would participate in the department of correction's sex offender treatment program and would "complete Sex Offender Registry by 9-30-03." When Kruse had not registered as a sex offender by November 1, 2003, and had failed to keep two appointments for the sex offender treatment program, his probation officer filed a violation report with the court. At the hearing on the alleged probation violation, Kruse asserted for the first time that he could not be compelled to register as a sex offender because the offense for which he had been convicted was not a "criminal offense against a minor" as that term is used in Iowa Code section 692A.2(1).

The district court concluded that the facts of Kruse's crime, as gleaned from his written guilty plea, fell within the definition of a criminal

offense against a minor contained in paragraphs (*c*) and (*g*) of subsection (5) of Iowa Code section 692A.1. We set forth the language of those statutory provisions in subsequent paragraphs of this opinion. Based on its interpretation of these statutes, the district court found that Kruse was in violation of his probation for failing to register as a sex offender as required by law.[1] Other facts bearing on our decision will be discussed in our consideration of the legal issues presented.

**I.** ***Whether Kruse's Sentence Was Improperly Altered by the District Court.***

Iowa Code section 692A.2(1) provides "[a] person who has been convicted of a criminal offense against a minor . . . shall register as provided in this chapter." Persons convicted and placed on probation are required to register with the sheriff of the county of their residence within five days pursuant to Iowa Code section 692A.3. A "[c]riminal offense against a minor" is a statutorily defined term. The applicable statute defines such an offense as follows:

> 5. *"Criminal offense against a minor"* means any of the following criminal offenses or conduct:
>
> *a.* Kidnapping of a minor, except for the kidnapping of a minor in the third degree committed by a parent.
>
> *b.* False imprisonment of a minor, except if committed by a parent.
>
> *c. Any indictable offense involving sexual conduct directed toward a minor.*
>
> *d.* Solicitation of a minor to engage in an illegal sex act.
>
> *e.* Use of a minor in a sexual performance.
>
> *f.* Solicitation of a minor to practice prostitution.
>
> *g. Any indictable offense against a minor involving sexual contact with the minor.*

---

[1]The court withheld revocation of probation on the condition that Kruse comply with the requirement to register as a sex offender and attend the sex-offender treatment program.

*h.* An attempt to commit an offense enumerated in this subsection.

*i.* Incest committed against a minor.

*j.* Dissemination and exhibition of obscene material to minors in violation of section 728.2.

*k.* Admitting minors to premises where obscene material is exhibited in violation of section 728.3.

*l.* Stalking in violation of section 708.11, subsection 3, paragraph *"b"*, subparagraph (3), if the fact-finder determines by clear and convincing evidence that the offense was sexually motivated.

*m.* Sexual exploitation of a minor in violation of section 728.12.

*n.* Enticing away a minor in violation of section 710.10, subsection 1.

*o.* An indictable offense committed in another jurisdiction which would constitute an indictable offense under paragraphs *"a"* through *"n"*.

Iowa Code § 692A.1(5) (emphasis added).

Kruse insists that the charge to which he ultimately pled guilty was not a criminal offense against a minor because the elements of the crime as set forth in his written guilty plea did not refer to any sexual involvement with the victim. This contention ignores the fact that his written plea recited that "the Minutes of Testimony accurately describe what happened in all significant aspects." The minutes of testimony that accompanied the trial information set forth the testimony of the victim attesting to the fact that Kruse had forcibly removed her underwear and had sexual intercourse with her.

The action the district court took in sustaining the report of Kruse's alleged probation violation did not require an amendment to the sentence that had been imposed following his plea of guilty. This is because determination of whether a particular conviction is a criminal offense against a minor need not be determined by the judgment of conviction. A judgment of conviction for certain offenses, because of the required

elements of the crimes, will leave no doubt that the offense falls within one of the definitions of "criminal offense against a minor" contained in section 692A.1(5). In contrast, other convictions, such as the assault for which Kruse was convicted, will require a resort to information dehors the fact of conviction in order to determine if the offenses fall within a section 692A.1(5) definition. In either case, it is the operative command of the statutes, i.e., Iowa Code sections 692A.2 and 692A.3, that impose the registration requirement on the convicted party rather than the judgment of the court.

When a person has been convicted of a criminal offense against a minor and is not incarcerated, Iowa Code section 692A.5 contemplates that "prior to release or sentencing of the convicted person" the court will obtain fingerprints and a criminal history and inform the person concerning the sex-offender registration requirements. The State concedes that this was not done in the present case prior to sentencing, but urges that such omission does not relieve Kruse of the requirement to register as a sex offender as required by law. We agree with that contention.

Within ten days of his sentencing, Kruse was advised by his probation officer of his duty to register as a sex offender and signed an agreement to do so. We are satisfied that, notwithstanding the absence of a specific instruction from the court concerning Kruse's registration requirement, it was not improper for his probation officer to conclude from available credible information concerning the facts of the crime that Kruse was required by law to register as a sex offender.

At the hearing on the application to revoke probation, Kruse was allowed to challenge the conclusion of his probation officer that his offense constituted a criminal offense against a minor as defined in section 692A.1(5). Our goal in interpreting statutes is to determine the legislature's

intent. *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "We do not speculate as to the probable legislative intent apart from the words used in the statute." *State v. Adams*, 554 N.W.2d 686, 689 (Iowa 1996). We apply a plain and rational meaning consistent with the subject matter of the statute if the statutory language is clear. *City of Fairfield v. Harper Drilling Co.*, 692 N.W.2d 681, 684 (Iowa 2005); *State v. Albrecht*, 657 N.W.2d 474, 479 (Iowa 2003).

We agree with the district court's conclusion that, because paragraphs (*c*) and (*g*) of subsection (5) of section 692A.1 contain the words "[a]ny indictable offense," these definitions include offenses in which sexual conduct was involved, but which do not require sexual conduct as an element for conviction. We also agree with the district court that, given the concessions contained in Kruse's plea of guilty, resort to the minutes of the victim's testimony was proper in determining whether the assaultive conduct fell within the definition of a "[c]riminal offense against a minor."

## II. *Due Process Challenges.*

Kruse has lodged due process challenges to the statutes on which the State relies in order to impose a requirement that he register as a sex offender. Basically, these alleged due process violations are that the statutes defining a "[c]riminal offense against a minor" are impermissibly vague and that the right to challenge an alleged requirement to register as a sex offender only exists at a postdeprivation stage.

With respect to the vagueness challenge, we apply the rule that a statute challenged on vagueness grounds must describe the prohibited conduct with sufficient definiteness that ordinary people can understand that which is prohibited and which will assure that the statute will not foster arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858, 75 L. Ed. 2d 903, 909 (1983); *State v.*

*Hunter,* 550 N.W.2d 460, 463 (Iowa 1996). We are convinced that the statutory provisions that Kruse challenges on vagueness grounds, i.e., paragraphs (*c*) and (*g*) of subsection (5) of section 692A.1, clearly satisfy this test as applied to acts upon which his conviction was based.

A far more difficult challenge is presented by Kruse's due process claim that the postdeprivation hearing provided by Iowa Code section 692A.8 is insufficient to satisfy due-process considerations under the Fourteenth Amendment. We recognized in *State v. Seering,* 701 N.W.2d 655 (Iowa 2005), that limitations on conduct that flow from legislative classifications that include no exemptions are ordinarily immune from procedural due-process challenges. *Seering,* 701 N.W.2d at 666 (relying on *Conn. Dep't of Pub. Safety v. Doe,* 538 U.S. 1, 8, 123 S. Ct. 1160, 1162, 155 L. Ed. 2d 98, 105 (2003)). However, as we have previously observed, not all convictions for the offense of assault with intent to inflict serious injury trigger the requirement to register as a sex offender. It is necessary to engage in a factual inquiry dehors the fact of conviction of that crime in order to ascertain whether registration is required.[2] It would appear that resort to some tribunal must be available to resolve disputes over these issues.

We need not determine whether the postdeprivation review available to sex-offender registrants under Iowa Code section 692A.8 is sufficient to

---

[2]The State also asserts that Kruse has no due-process challenge because a requirement to register as a sex offender does not subject him to the loss of a liberty or property interest. In making this contention, the State relies on *Paul v. Davis,* 424 U.S. 693, 96 S. Ct. 1155, 47 L. Ed. 2d 405 (1976), in which the Court held that a state-mandated program for identifying convicted shoplifters in a certain geographical area did not deprive the person so identified of a liberty interest. *Paul,* 424 U.S. at 711-13, 96 S. Ct. at 1165, 47 L. Ed. 2d at 420-21. In determining whether that principle applies in the present case, we cannot ignore the fact that, under the statutory scheme with which Kruse is involved, a requirement to register under Iowa Code section 692A.2 automatically triggers the limitations on residency contained in section 692A.2A. In the *Seering* case, this court, by clear implication, recognized that those residency requirements were a limitation of a liberty interest. *Seering,* 701 N.W.2d at 663.

satisfy due process concerns.[3]  This is because in the present case the district court, acting under the residual authority the court retains over probationers under Iowa Code section 907.8 ("Jurisdiction over these persons shall remain with the sentencing court."), afforded Kruse a predeprivation hearing at which he was allowed to challenge the registration requirement sought to be impressed upon him both as to the law and the facts.  No sanctions were imposed against Kruse for conduct on his part that antedated that hearing.  Consequently, Kruse has not been denied due process of law.  We have considered all issues presented and conclude that the writ must be annulled.

**WRIT ANNULLED.**

---

[3]A regulation of the department of public safety provides that a registrant may initiate a request for a determination of whether registration with the Iowa Sex Offender Registry is required.  Iowa Admin. Code r. 661—83.3(4).  That regulation provides that, if there are issues of fact that cannot be evaluated based upon the record of conviction, sentencing, and other records provided, this may be made the subject of a contested-case hearing before an administrative law judge.  *Id.*