# IN THE SUPREME COURT OF IOWA

No. 16–1290

Filed October 20, 2017

Amended December 18, 2017

**BRIAN JAMES MAXWELL,**

Appellant,

vs.

**IOWA DEPARTMENT OF PUBLIC SAFETY,**

Appellee.

_____

Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan, Judge.

Defendant convicted of sex offense appeals district court ruling requiring him to register as a sex offender while he appealed his conviction after posting an appeal bond. **AFFIRMED.**

Brandon Brown and Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and John R. Lundquist, Assistant Attorney General, for appellee.

**WATERMAN, Justice.**

This appeal raises a question of first impression: whether a defendant convicted of a sex offense must register as a sex offender under Iowa Code chapter 692A (2015) during his direct appeal of the conviction. The defendant argues he had no obligation to register after posting an appeal bond to stay execution of the underlying criminal judgment and before he began serving any prison sentence or was placed on probation. The Iowa Department of Public Safety (DPS), however, construed the statute to require his registration upon his conviction for the sex offense, notwithstanding his appeal. He challenged the DPS's legal conclusion in a petition for judicial review under Iowa Code chapter 17A. The district court ruled he was required to register as of the date he was sentenced to prison for the sex offense and was released on the appeal bond. His conviction for the underlying sex offense was later affirmed on direct appeal. Meanwhile, he now faces new criminal charges for violating chapter 692A's sex offender residency restrictions before his conviction was affirmed. The parties urge us to decide the registration issue through this chapter 17A appeal under the public-interest exception to the mootness doctrine. We retained this appeal to do so.[1]

On our review, we hold the defendant was required to register as a sex offender under section 692A.103(1) upon his conviction of the sex

---

[1]We reach the merits because "the underlying question is one of public importance that is likely to reoccur." *Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 477 n.2 (Iowa 2010); *see also Breeden v. Iowa Dep't of Corr.*, 887 N.W.2d 602, 604 n.3 (Iowa 2016) (applying public-interest exception to mootness doctrine to decide earned-time credit issue after offender's release from prison). Moreover, Maxwell argues the outcome of this appeal still has practical consequences for him because an appellate reversal would lead to dismissal of the pending criminal charges against him for violating chapter 692A's residency restrictions.

offense and release on bond, notwithstanding his appeal. The stay of execution on his criminal judgment during his appeal did not delay the automatic administrative registration requirement for convicted sex offenders, and his release on the appeal bond constituted a "release from incarceration" within the meaning of section 692A.103(1). Accordingly, we affirm the decision of the district court.

## I. Background Facts and Proceedings.

On May 11, 2015, Brian James Maxwell was convicted in a nonjury trial of lascivious conduct with a minor, in violation of Iowa Code section 709.14. The court of appeals decision affirming his conviction gave this summary of the evidence:

> Maxwell was hired March 1, 2014, to serve as a youth coordinator for two churches in the Winterset area. During his introduction to the youth group, Maxwell met the complaining witness, then age sixteen, and he and his wife decided to mentor her after she approached them with some of her personal struggles. . . .
>
> The complaining witness testified Maxwell assaulted her on March 17 in the downstairs youth room at one of the churches by undoing her bra and having her lift up her shirt. She asserted Maxwell then touched, kissed, and licked her breasts, and rubbed her between her legs over her clothing . . . .
>
> A week after the incident, the complaining witness broke down at home and disclosed the events of March 17 to her father and other members of her family. The police were called, and the complaining witness underwent a forensic interview with Mikki Hamdorf at the Blank Children's Hospital Regional Child Protection Center. After the interview and the investigation were completed, charges were filed against Maxwell that proceeded to trial to the court on April 21, 2015. After hearing testimony from the victim and her family, the investigating officer, the pastor and other staff and members of the church, another member of the youth group, and Maxwell's wife and his two sons, the court issued its verdict finding Maxwell guilty as charged. The court stated in its ruling that it found "the State's witnesses to be credible and the Defendant's witnesses to not be credible."

*State v. Maxwell*, No. 15–1392, 2016 WL 6652361, at *1 (Iowa Ct. App. Nov. 9, 2016).

Maxwell was never incarcerated while his criminal case was pending. On August 18, 2015, the district court imposed a one-year sentence, to begin immediately, and ordered that "after Defendant has served one hundred twenty (120) days of the sentence, the remainder is suspended and Defendant is placed on probation for a period of two (2) years." Maxwell was also sentenced to a ten-year special sentence pursuant to Iowa Code section 903B.2. The same day, however, Maxwell filed a notice of appeal and posted an appeal bond. He remained free on bond.

Two days later, the Fifth Judicial District Department of Correctional Services (DCS) informed Maxwell that he would not be required to report for probation or register with the sex offender registry. However, a month later, the DPS informed Maxwell by letter that he was required to report to the Madison County sheriff to register as a sex offender. The letter explained that "unless the attendant conviction has been 'reversed or otherwise set aside' as per IA § 692A.101(7), the conviction qualifies for registration under Iowa Code Chapter 692A." Maxwell reported to the Madison County sheriff's office to complete the registration process on October 12. Maxwell is currently registered as a sex offender.

After registering, Maxwell commenced an administrative appeal through an "Application for Determination" to the DPS. Maxwell also filed a "Petition for Judicial Review and Application for Injunctive Relief," to enjoin the DPS from placing him on the sex offender registry during his criminal appeal.

The DPS issued a "Decision of Determination" on December 30, concluding that Maxwell was required to register despite his pending appeal because the conviction had not been "overturned or otherwise set aside." DPS identified August 18, 2015, as the date of his placement on probation.

On April 7, 2016, the district court entered its ruling. The court initially incorrectly found that Maxwell had served 120 days of his sentence and was placed on probation. The court concluded Maxwell had been "released" from incarceration, which triggered his duty to register. Maxwell filed a "Motion to Enlarge or Amend Findings and to Reconsider" to address the court's mistaken assumption that he had already served time behind bars. DPS agreed that the court's factual assumption was mistaken. The district court entered an amended order acknowledging that Maxwell had not yet served any prison time and was not yet on probation. The court further noted that DPS had made the same factual error when it determined that Maxwell was placed on probation on August 18, 2015—the date of his sentencing. Nevertheless, the district court reaffirmed that Maxwell was required to register as of that date notwithstanding his pending appeal of the underlying conviction while he remained free on bond.

Maxwell filed a "Second Motion to Enlarge or Amend Findings and to Reconsider." On July 26, the district court denied the motion, and Maxwell timely appealed. Meanwhile, the State charged Maxwell with three counts of "Failure to Comply Sex Offender Registry, Exclusion Zones," in violation of Iowa Code section 692A.113. These charges are set for trial on November 13, 2017.

The court of appeals ultimately affirmed Maxwell's sex-offense conviction in his direct appeal. *Maxwell*, 2016 WL 6652361, at *13.

Maxwell applied for further review, which we denied on January 17, 2017. We retained this separate appeal from Maxwell's judicial review action.

## II. Standard of Review.

This appeal turns on the interpretation of Iowa Code section 692A.103(1) and related provisions. Chapter 692A codifies definitions of key terms and does not clearly vest the DPS with interpretive authority. Accordingly, we review the district court's ruling on statutory interpretation for correction of errors at law. *SZ Enters., LLC v. Iowa Utils. Bd.*, 850 N.W.2d 441, 449 (Iowa 2014); *Hawkeye Land Co. v. Iowa Utils. Bd.*, 847 N.W.2d 199, 208–09 (Iowa 2014); *see also* Iowa Code § 17A.19(10)(*c*).

## III. Analysis.

We must decide whether Maxwell was required to register as a sex offender before serving any time while free on bond during his appeal of the underlying conviction. Iowa Code chapter 692A is entitled "Sex Offender Registry." We construe the statute "in light of the legislative purpose." *In re A.J.M.*, 847 N.W.2d 601, 605 (Iowa 2014) (quoting *State v. Erbe*, 519 N.W.2d 812, 815 (Iowa 1994)). "[T]he purpose of the registry is protection of the health and safety of individuals, and particularly children, from individuals who, by virtue of probation, parole, or other release, have been given access to members of the public." *State v. Iowa Dist. Ct.*, 843 N.W.2d 76, 81 (Iowa 2014).

Criminal liability can be imposed on a sex offender who violates chapter 692A. *See* Iowa Code § 692A.111(1) ("A sex offender who violates any requirement[] . . . commits an aggravated misdemeanor for a first offense and a class 'D' felony for a second or subsequent offense."). We strictly construe the penal provisions of chapter 692A, requiring fair

warning of the conduct prohibited, with doubt resolved in favor of the accused. *See State v. Reiter*, 601 N.W.2d 372, 373 (Iowa 1999) (per curiam). We interpret chapter 692A "by considering all parts of the enactment." *In re A.J.M.*, 847 N.W.2d at 605.

We begin our analysis with the text of section 692A.103(1), which provides,

> A person who has been convicted of any . . . tier I, tier II, or tier III [sex] offense . . . shall register as a sex offender as provided in this chapter if the offender resides, is employed, or attends school in this state. A sex offender shall, upon a first or subsequent conviction, register in compliance with the procedures specified in this chapter, for the duration of time specified in this chapter, commencing as follows:
>
> > *a.* From the date of placement on probation.
> >
> > *b.* From the date of release on parole or work release.
> >
> > *c.* From the date of release from incarceration.
> >
> > . . . .
> >
> > *f.* From the date of conviction for a sex offense requiring registration if probation, incarceration, or placement ordered pursuant to section 232.52 in a juvenile facility is not included in the sentencing, order, or decree of the court, except as otherwise provided in this section for juvenile cases.[2]

Iowa Code § 692A.103(1).

The statute defines "convicted" to mean "found guilty of, pleads guilty to, or is sentenced or adjudicated delinquent for an act which is an indictable offense in this state." *Id.* § 692A.101(7). But " '[c]onvicted' does not mean a plea, sentence, adjudication, deferred sentence, or deferred judgment which has been reversed or otherwise set aside." *Id.* (emphasis omitted). The parties agree that Maxwell was convicted of an

---

[2]Paragraphs *d* and *e* are inapplicable because those provisions expressly apply only to minors adjudicated delinquent in juvenile court. Maxwell is an adult who was tried and convicted as an adult.

offense that requires registration. *See id.* § 692A.102(1)(*b*)(10) (listing conviction for "[l]ascivious conduct with a minor in violation of section 709.14" as a tier II offense). Based on this conviction and the ten-year special sentence he received, Maxwell is required to register for ten years.[3] His conviction was never reversed or set aside. To the contrary, Maxwell's conviction was affirmed on his direct appeal. The fighting issue is whether Maxwell was required to register during his appeal after posting an appeal bond and before his incarceration.

Maxwell argues registration should be delayed during his appeal that challenged the very conviction requiring registration. He notes "[t]he appeal process exists . . . to weed out error" and that "registration on the sex offender registry is a severe collateral consequence." DPS argues registration is automatically required upon the conviction of a sex offense and that to delay registration while the defendant is free on bond pending appeal would leave a convicted sex offender at large without alerting the community. We conclude, based on the statutory language, that the legislature has resolved these competing policy choices in favor of registration.

Unlike other enactments imposing collateral consequences for criminal convictions, chapter 692A does not require that the conviction become "final" or otherwise provide for a stay of the registration requirements pending an appeal of the conviction. To the contrary, the definition of "convicted" excludes those that are "reversed or otherwise

---

[3]*See* Iowa Code § 692A.106(2) ("A sex offender who has been sentenced to a special sentence under section 903B.1 or 903B.2, shall be required to register for a period equal to the term of the special sentence, but in no case not less than the period specified in subsection 1."); *see also id.* § 692A.106(1) ("Except as otherwise provided . . . , the duration of registration required under this chapter shall be for a period of ten years.").

set aside." *Id.* § 692A.101(7). Neither Maxwell's appeal nor his appeal bond reversed or set aside his judgment of conviction. *See* Iowa R. App. P. 6.601(4) (governing appeal bonds and stating that "[n]o appeal shall vacate or affect the judgment or order appealed from"); *cf. Emp'rs Mut. Cas. Co. v. Van Haaften,* 815 N.W.2d 17, 25 (Iowa 2012) ("[J]udgments are given res judicata effect during appeals."); *Peterson v. Eitzen,* 173 N.W.2d 848, 850 (Iowa 1970) ("The judgment of the trial court is res judicata until set aside, modified or reversed."). The legislature knows how to delay collateral consequences of a conviction pending an appeal, as shown in several provisions requiring revocation of driver's licenses. *See, e.g.,* Iowa Code § 321.209 ("The department . . . shall revoke the license or operating privilege of an operator upon receiving a record of the operator's conviction for any of the following offenses, *when such conviction has become final* . . . ." (Emphasis added.)); *Schilling v. Iowa Dep't of Transp.,* 646 N.W.2d 69, 73 (Iowa 2002) ("A conviction is final if the defendant has exhausted or waived any postorder challenge."); *Maguire v. Fulton,* 179 N.W.2d 508, 512 (Iowa 1970) ("[W]hen an appeal is taken the conviction is not final until the avenues of review are exhausted."); *see also* Iowa Code § 321J.13(4) (providing for stay of license revocation pending judicial review). If the legislature had intended to delay the obligation to register as a sex offender during an appeal of the sex-offense conviction, presumably it would have said so by providing for a stay of registration or requiring the sex-offense conviction to first become final. *See State v. Beach,* 630 N.W.2d 598, 600 (Iowa 2001) ("Intent may be expressed by the omission, as well as the inclusion, of statutory terms."); *Farmers Coop. Co. v. DeCoster,* 528 N.W.2d 536, 539 (Iowa 1995) ("[W]here a statute with respect to one subject contains a given provision, the omission of such

provision from a similar statute is significant to show a different intention existed.").

Under the plain meaning of Iowa Code section 692A.103(1), read together with the statutory definition of "convicted," registration is automatically required for an Iowa resident upon the conviction of the sex offense unless and until that conviction is reversed or set aside. *See Kruse v. Iowa Dist. Ct.*, 712 N.W.2d 695, 699 (Iowa 2006) ("[I]t is the operative command of [Iowa Code chapter 692A] that impose[s] the registration requirement on the convicted party rather than the judgment of the court.").

The parties disagree whether one of the events listed in section 692A.103(1)(*a*)–(*f*) such as placement on probation or release from incarceration must occur to trigger the defendant's obligation to register as a sex offender or, rather, whether those events merely start the clock running to measure "the duration of time specified" in the statute to remain registered. The DPS argues Maxwell's conviction and Iowa residency triggered his duty to register while he was released on the appeal bond. *See* Iowa Code § 692A.103(1) ("A person who has been *convicted* of any [specified] sex offense . . . shall register as a sex offender . . . if the offender *resides, is employed, or attends school in this state.*" (Emphasis added.)). The qualifying conviction and local residency plainly are prerequisites to registration under section 692A.103(1). The question is whether Maxwell, who had not yet been incarcerated or placed on probation, had to register while free on bond pending his appeal. We agree with the district court's conclusion that Maxwell's release on bond the day of his sentencing constituted a "release from incarceration" under section 692A.103(1)(*c*) that required him to register at that time.

Chapter 692A codifies this definition:

> "*Incarcerated*" means to be imprisoned by placing a person in a jail, prison, penitentiary, juvenile facility, or other correctional institution or facility or a place or condition of confinement or forcible restraint regardless of the nature of the institution in which the person serves a sentence for a conviction.

*Id.* § 692A.101(14). The statute does not define "release." *Black's Law Dictionary* defines "release" as "[t]he action of freeing or the fact of being freed from restraint or confinement." *Release, Black's Law Dictionary* (10th ed. 2014). Maxwell argues he was not "released from incarceration" because he had not yet been incarcerated when he appealed and posted his appeal bond to remain free. We disagree. We previously rejected a similar argument and stated,

> The purpose of chapter 692A is clear: to require registration of sex offenders and thereby protect society from those who because of probation, parole, or other release are given access to members of the public. This, we believe, is the sense in which "release" is used in section 692A.2(1); it is simply the antithesis of incarceration.

*In re S.M.M.*, 558 N.W.2d 405, 408 (Iowa 1997) (construing the 1995 Code, which required registration on "the date of placement on probation, parole, work release, or *other release from custody*" (emphasis omitted) (quoting Iowa Code § 692A.2(1) (Supp. 1995))). In that case, we held registration was required for a juvenile sex offender who was allowed to remain with his parents and never incarcerated or placed on probation, parole, or work release. *Id.* We reach the same conclusion under section 692A.103(1)(*c*) (2015)—release means the antithesis of incarceration and includes release on an appeal bond.[4]

---

[4]Maxwell devotes four pages in his appellate reply brief to arguing that *In re S.M.M.* was abrogated by the 2009 amendments to chapter 692A. *See generally* 2009 Iowa Acts ch. 119 (rewriting Iowa Code ch. 692A). We see no indication that the 2009

The statute distinguishes between incarceration and release because an incarcerated offender is not required to register, and time behind bars does not count towards the ten-year period of registration. Iowa Code § 692A.103(2) ("A sex offender is not required to register while incarcerated. However, the running of the period of registration is tolled pursuant to section 692A.107 if a sex offender is incarcerated."). This makes sense in light of the purpose of the registry to protect the public

_____

amendment abrogated our holding equating release with the antithesis of incarceration. The 2009 amendment repealed a provision that triggered registration upon placement on probation, parole, work release, or "*other release from custody,*" Iowa Code § 692A.2(1) (2007) (emphasis added), and replaced that language with section 692A.103(1), including the phrase "release from incarceration," Iowa Code § 692A.103(1)(*c*) (2015). Incarceration is a form of custody, so a "release from incarceration" constitutes a "release from custody." The 2009 amendment does not aid Maxwell.

Moreover, the 2009 amendment was intended to more closely conform Iowa's sex offender registry law to the Federal Sex Offender Registration and Notification Act (SORNA), Title I of the Adam Walsh Child Protection and Safety Act of 2006. *See* Div. of Criminal & Juvenile Justice Planning, Iowa Dep't of Human Rights, *Iowa Sex Offender Research Council Report to the Iowa General Assembly* 5 (2013), https://humanrights.Iowa.gov/sites/default/files/media/SORC_1-15-13_Final_Report_%5B1%5D.pdf [https://web.archive.org/web/20170323233135/https://humanrights.iowa.gov/sites/default/files/media/SORC_1-15-13_Final_Report[1].pdf]; *see also* Iowa Code § 692A.101(32). Congress enacted the 2006 legislation "based on its conclusion that existing sex-offender registration and reporting requirements were too readily circumvented . . . ." *United States v. Yelloweagle*, 643 F.3d 1275, 1277 (10th Cir. 2011).

> [T]he purpose of SORNA was to "strengthen and increase the effectiveness of sex offender registration and notification for the protection of the public, and to eliminate potential gaps and loopholes under the pre-existing standards by means of which sex offenders could attempt to evade registration requirements or the consequences of registration violations."

*Starkey v. Okla. Dep't of Corr.*, 305 P.3d 1004, 1032 n.4 (Okla. 2013) (Winchester, J., dissenting) (quoting Applicability of the Sex Offender Registration and Notification Act, 72 Fed. Reg. 8894, 8895 (interim rule Feb. 28, 2007)). Against that backdrop, we see no indication the Iowa legislature intended the 2009 amendment to avoid registration for convicted sex offenders free on bond.

from sex offenders living nearby. No protection is needed from an offender who is behind bars.[5]

Thus, other provisions of chapter 692A consistently implement the immediate registration requirement when the sex "offender is convicted but not incarcerated." *Id.* § 692A.109(2)(*a*) (The "court shall verify that the person has completed initial or subsequent registration forms, and accept the forms on behalf of the sheriff of the county of registration."); *see also id.* § 692A.103(1)(*f*) (requiring registration from the date of conviction if no period of probation or incarceration is included in the sentencing order). Maxwell's interpretation conflicts with those provisions. No provision delays registration pending an appeal of the sex-offense conviction.

The sentencing order committed Maxwell to the custody of the Madison County sheriff the same day, to begin serving his sentence in the jail there. Maxwell delayed his 120-day term of incarceration through the appeal bond—that is, he was "released on bail." *See* Iowa Code § 814.13 ("An appeal or application for discretionary review taken by the defendant does not stay the execution of the judgment unless the defendant is released on bail or otherwise as provided by law."); Iowa R. Crim. P. 2.26(2)(*a*) ("A sentence of confinement shall be stayed if an appeal is taken and the defendant is released pending disposition of appeal pursuant to Iowa Code chapter 814."). Put another way, Maxwell, "by posting the bond, obtained his liberty" until his appeal was concluded. *State v. Friend*, 212 Iowa 136, 142, 236 N.W. 20, 23 (1931).

___

[5]Maxwell argues that requiring registration before his incarceration would extend the ten-year registration period. Not so. The ten-year clock stops while he is incarcerated, but his time on the registry while free on the appeal bond before he serves time counts day-for-day toward his ten-year period on the registry. Iowa Code §§ 692A.103(2), .107(1).

But his registration as a sex offender is an administrative matter committed to the DPS, not the sentencing court. *See State v. Bullock*, 638 N.W.2d 728, 735 (Iowa 2002) ("[T]he length of any required registration [under chapter 692A] is an administrative decision initially committed to the Department of Public Safety."). Thus, no *execution* on the judgment of conviction is necessary to trigger placement on the sex offender registry. For that reason, the appeal bond that delayed execution of the criminal judgment and sentence had no effect on the registration requirement automatically triggered by his conviction. *See* Iowa Code § 692A.103(1); *see also Kruse*, 712 N.W.2d at 699 (registration automatically required under chapter 692A upon a sex-offense conviction). We found no cases applying equivalent sex offender registry statutes that allow an appeal bond to delay registration.

## IV. Disposition.

For those reasons, we affirm the ruling of the district court upholding the DPS determination that Maxwell was required to register as a sex offender while free on bond during his direct appeal.

**AFFIRMED.**