# IN THE COURT OF APPEALS OF IOWA

No. 19-1869
Filed July 1, 2020

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR JASPER COUNTY,**
        Defendant-Appellee.
_____

        Certiorari from the Iowa District Court for Jasper County, Thomas W. Mott,

Judge.


        By certiorari, the State challenges the grant of a deferred sentence for

violating a sex-offender exclusion zone. **WRIT SUSTAINED AND CASE**

**REMANDED.**


        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellant.

        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellee.


        Considered by Tabor, P.J., and May and Greer, JJ.

**TABOR, Presiding Judge.**

Because he committed a sex offense against a minor, Riley Hodge could not enter the Newton Public Library without written permission of its administrator. After Hodge went inside to get a library card, the State charged him with an "exclusion zone" violation. *See* Iowa Code § 692A.113(1)(f) (2018). Following his conviction, the district court deferred sentence. Contending Iowa Code sections 692A.111 and 907.3(2)(a)(5) bar that outcome, the State asked the district court to resentence Hodge. When the district court refused, the State petitioned for writ of certiorari. Our supreme court granted the writ and transferred the case to us. Because the district court lacked authority to defer sentence, we sustain the writ and remand for imposition of a statutorily authorized sentence.

Hodge stopped by the public library with his wife in late January 2018 seeking a replacement card. The librarian checked Hodge's identification against the sex offender registry and learned he was not allowed to be there.[1] At her request, Hodge left the library without complaint. The librarian called police. The State charged him with an aggravated misdemeanor. Hodge waived his right to a jury trial and stipulated to the minutes of testimony. The court found him guilty as charged. At sentencing, the court expressed its frustration that this innocuous event led to a criminal offense:

> I don't understand why library staff felt the need to call police for his error, rather than tell Hodge to go away and write or call for written permission. I do not understand why the police officer did not assess the situation and tell Hodge the same thing. Assuming they had a

[1] Hodge had been on the sex offender registry for eleven years, since he was seventeen years old. Hodge acknowledged in his testimony that he signed registration forms every three months and each time the paperwork included information about the exclusion zones.

reason, the reason does not appear obvious why police so chose to exercise their wide discretion.

From there, the court addressed its own decision making:

As for the range of discretion afforded the court at sentencing for this conviction, I find it does not require punishment. Punishment is not needed for specific deterrence of defendant nor for general deterrence. Neither would it advance defendant's rehabilitation. Defendant repeatedly registered as required. He continues to register. He maintains his residence and family, and he maintains a job all without apparent Sex Offender Registration violation. He needs no deterrence from approaching a public library again. A probation officer might counsel defendant for vocational and educational concerns, but he needs little supervision beyond reassurance to a nervous public.

The court interpreted section 692A.111(1) as allowing it to defer judgment or defer sentence in Hodge's case. Convincing to the court was the second of these two sentences:

Notwithstanding section 907.3, the court shall not defer judgment or sentence for any violation of any requirements specified in this chapter. For purposes of this subsection, a violation occurs when a sex offender knows or reasonably should know of the duty to fulfill a requirement specified in this chapter as referenced in the offense charged.

Iowa Code § 692A.111(1).

In the court's view, the charged offense was a "strict liability" crime, not including any element of knowledge. The court reasoned: "Therefore, whether defendant knew or objectively ought to know does not matter under section 692A.111(1)." Based on that rationale, the court ordered Hodge's sentence "deferred for eighteen months on good behavior."

The next day, the State filed a motion to correct illegal sentence. The prosecutor argued all offenses listed in section 692A.111 are ineligible for a deferred sentence "regardless of the mens rea requirement."

The court overruled the State's motion, offering a new justification for deciding Hodge was eligible for a deferred sentence under the statute.

> [D]efendant was not charged and was not convicted of violating requirements. "Requirements" is the crucial word for deciding this issue. Defendant was, instead, convicted of violating a prohibition. Defendant violated the prohibition by his presence at Newton Public Library without written permission obtained in advance from the library administrator. A requirement would require defendant to perform an act. Imposing a requirement would be analogous to a demand, or a mandate, thus distinct from a prohibition, or ban against an act. Because defendant violated a prohibition, but did not violate a requirement, § 692A.111(1) does not prevent the court's deferring judgment or deferring sentence under § 907.3.

The State petitioned for writ of certiorari, which the supreme court granted.

We review the district court's ruling for the correction of errors at law. *Noll v. Iowa Dist. Ct.*, 919 N.W.2d 232, 234 (Iowa 2018). "We strictly construe the penal provisions of chapter 692A, requiring fair warning of the conduct prohibited, with doubt resolved in favor of the accused." *Maxwell v. Iowa Dep't of Pub. Safety*, 903 N.W.2d 179, 183 (Iowa 2017). But we also construe those provisions in light of their legislative purpose, which is to protect "the health and safety of individuals, and particularly children, from individuals who, by virtue of probation, parole, or other release, have been given access to members of the public." *Id.*

We start our analysis with the basic proposition that legislators, not courts, prescribe punishment for crimes. *See State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983). Only sentences permitted by statute can stand. *Id.* A plain reading shows the statutes here prohibited the court from granting a deferred sentence.

In advocating to vacate the deferred sentence, the State finds support in two statutes. First, we repeat section 692.111(1) which provides, in pertinent part:

> A sex offender who violates any requirements of section 692A.104, 692A.105, 692A.108, 692A.112, 692A.113, 692A.114, or 692A.115 commits an aggravated misdemeanor for a first offense . . . . Notwithstanding section 907.3, the court shall not defer judgment or sentence for any violation of any requirements specified in this chapter. For purposes of this subsection, a violation occurs when a sex offender knows or reasonably should know of the duty to fulfill a requirement specified in this chapter as referenced in the offense charged.

Second, section 907.3(2)(a)(5) prohibits the court from deferring a sentence if "[t]he offense is a violation of chapter 692A."

We are not convinced by the district court's rationale for circumventing these prohibitions. Contrary to the court's interpretation, Hodge's violation of section 692A.113 left him ineligible for a deferred sentence under the language of section 692A.111(1), regardless of the knowledge requirement for the offense. *See* Iowa Code § 907.3(2)(a)(5). Hodge admitted entering the library, an exclusion zone, without written permission of its administrator. He knew or had reason to know of the exclusion from signing sex offender registration forms for more than a decade.

Likewise, the court's distinction between "requirements" and "prohibitions" elevates semantics over logic. The court believed the passive prohibition on Hodge entering the library differed from the affirmative requirement that he register his address with the county sheriff. *Compare* Iowa Code § 692A.111(1)(f) *with* § 692A.103. But stated differently, sex offenders are *required* to stay out of public libraries without permission of the administrators. In short, one person's prohibition is another person's requirement.

Tellingly, Hodge's appellate counsel does not defend the district court's grant of the deferred sentence. Rather, Hodge argues the district court "abused

its discretion by not knowing that it could issue a sua sponte dismissal in the furtherance of justice instead of a conditional dismissal in the form of a deferred judgment."[2] Hodge contends the district court should have dismissed the prosecution in furtherance of justice under Iowa Rule of Criminal Procedure 2.33(1). *See generally State v. Brumage*, 435 N.W.2d 337, 341 (Iowa 1989) (discussing twelve factors district court must consider before dismissing case in furtherance of justice).

Hodge's appellate contention is not properly before us. Nowhere in the appellee's brief does Hodge assert this claim was raised in the district court. This issue was not included in the State's petition for writ of certiorari, and Hodge filed no response to that petition. We cannot consider this claim for the first time on appeal. *See DeVoss v. State*, 648 N.W.2d 56, 63 (Iowa 2002) (holding "one party should not ambush another by raising issues on appeal, which that party did not raise in the district court").

To recap, the district court misread Iowa Code section 692A.111(1) as allowing it to grant Hodge a deferred sentence. That lenient sentencing option was not available. *See* Iowa Code § 907.3(2)(a)(5). Therefore, we sustain the writ of certiorari, vacate the court's ruling, and remand for sentencing consistent with this opinion.

**WRIT SUSTAINED AND CASE REMANDED.**

---

[2] Hodge asserts the court issued a "deferred judgment and placed [him] on probation for eighteen months." Yet the record shows the court imposed judgment and issued a deferred sentence. *Compare* Iowa Code § 907.3(1) *with* § 907.3(2).