# IN THE COURT OF APPEALS OF IOWA

No. 18-1765
Filed August 19, 2020

**LORENZA CARTEZ JOHNSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____


Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.


Lorenza Johnson appeals the district court's denial of his application for

postconviction relief. **AFFIRMED.**


Christopher Kragnes, Sr. and Kaitlyn C. DiMaria of Kragnes & Associates,

PC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee State.


Considered by Bower, C.J., Ahlers, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**MAHAN, Senior Judge.**

Lorenza Johnson appeals the district court's denial of his application for postconviction relief following his 2015 conviction of invasion of privacy–nudity. Upon our review, we affirm the court's order denying Johnson's application for postconviction relief.

## I.    *Background Facts and Proceedings*

In its opinion affirming Johnson's conviction on direct appeal, this court set forth the following facts:

> After a night of heavy drinking, K.R. awoke naked beside Johnson in his bed.  K.R. felt hung over and ill.  Johnson said he had seen her at the bar, gave her a ride to his place, she "threw up everywhere, but that it was okay, that he cleaned [her] up."  K.R. was embarrassed but "didn't remember anything."  The pair then engaged in consensual sex acts before Johnson drove K.R. back to her car.
> A week later, K.R. returned to Johnson's residence to "clear the air."  During that meeting, Johnson told K.R. he had taken "the weirdest video on his phone."  He eventually showed her the recording that depicted her lying naked, leaning off the bed, and vomiting in a trash can.  She recalled the video "scrolled up and down [her] naked body, focusing on the different parts of her body."  K.R. was "shocked" and "disgusted" by the video, and when Johnson left the room to get her some water, she grabbed his phone and ran out of the house.
> The next day, K.R. took Johnson's cell phone to the police.  Technicians extracted the compromising video, as well as two still photographs of K.R. she had not previously seen.  One of the photographs showed K.R.'s naked buttocks with another person's hand resting on them.  The other photograph showed what appeared to be the same hand spreading her buttocks to expose her rectum.

*State v. Johnson*, No. 15-0623, 2016 WL 3002866, at *1 (Iowa Ct. App. May 25, 2016).

The State charged Johnson with invasion of privacy—nudity, in violation of Iowa Code section 709.21 (2013) (defining the offense as occurring when "[a]

person who knowingly views, photographs, or films another person, for the purpose of arousing or gratifying the sexual desire of any person," when "[t]he other person does not consent or is unable to consent to being viewed, photographed, or filmed," "[t]he other person is in a state of full or partial nudity," and "[t]he other person has a reasonable expectation of privacy while in a state of full or partial nudity"). Following trial, the jury found Johnson guilty as charged. The district court suspended his sentence, placed him on probation for one year, and ordered him to register as a sex offender within five days. This court affirmed Johnson's conviction on direct appeal, rejecting his challenges to the sufficiency of the evidence and the State's proof of venue. *Johnson*, 2016 WL 3002866,at *2–3.

Johnson filed an application for postconviction relief (PCR). Following trial, the court entered an order denying Johnson's application. Johnson appealed. Facts specific to his claims on appeal will be set forth below.

## II.    Standards of Review

"Generally, an appeal from a denial of an application for postconviction relief is reviewed for correction of errors at law." *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016) (citation omitted). "To the extent resolution of this case turns on constitutional principles, our review is de novo." *State v. Chapman*, 944 N.W.2d 864, 871 (Iowa 2020).

## III.    Ineffective Assistance of Counsel

Johnson contends his appellate counsel was ineffective in failing to challenge the reasonable-expectation-of-privacy element of his offense, and "but for appellate counsel's failure, his conviction would have been reversed and the

charge dismissed." According to Johnson, K.R. "had no reasonable expectation of privacy in [his] home" because she voluntarily left the bar with him and entered his home, "engaged with sexual intercourse with him," "returned to see him thereafter," and told police that the incident "'may have been' consensual." Johnson also claims, "[T]here were no facts presented to indicate that K.R. was not the one who removed her own clothing that night."

To prevail on his claim, Johnson must show "(1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). An ineffective-assistance-of-counsel claim fails if either element is lacking. *See State v. Clay*, 824 N.W.2d 488, 495 (Iowa 2012).

Johnson's appellate attorney, Shellie Knipfer, testified at the PCR trial. With regard to how she decides what issues to raise on appeal, Attorney Knipfer explained, "I go through and research each one and eliminate, you know, those that I feel that there isn't going to be no merit to and raise the remaining issues." She further stated, "I'm a big believer in keeping [briefs] focused on the issues, not too long, and I think you've got to build your credibility with the Court. You don't want to just shotgun everything." Attorney Knipfer testified she raised a sufficiency-of-the-evidence claim on appeal, but she decided to "only attack certain elements of the offense":

> So the issues that I raised is the—first, on the video, I thought that the State had—there was a good argument there that the State hadn't proved that there was—like, it was made with the purpose of a sexual intent or to satisfy sexual desire for either the parties. And then I also felt for the pictures that there was no showing by the State that it was done without her knowledge or consent since, I mean, she didn't remember anything about that evening.

Attorney Knipfer further acknowledged that although Johnson's trial counsel had challenged the reasonable-expectation-of-privacy element of the offense, after she "research[ed] the issue," she opted not to pursue that claim on appeal. She explained: "Because I believe that, you know, in the context of, you know, being in—you know, in a bedroom, a sexual relationship, that she would have—both parties would have a reasonable expectation of privacy." We decline to question Attorney Knipfer's tactical decision not to challenge the reasonable-expectation-of-privacy element. *Cf. Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001) (noting "strategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable'" (quoting *Strickland*, 466 U.S. at 690–91)).

We further observe that this court has rejected a similar claim in a case with analogous facts. *State v. McAfee*, No. 13-0268, 2014 WL 1494901, at *2 (Iowa Ct. App. Apr. 16, 2014) ("McAfee also asserts the victim had no reasonable expectation of privacy as earlier in the evening she was partially undressed and engaging in sexual acts with two other people. The victim testified she had no knowledge any videos were being taken and she was embarrassed and humiliated when her boyfriend later showed her the video and photographs. The fact she was in a partial state of nudity before she passed out does not negate her expectation of privacy not to be photographed or filmed while in that state. Her expectation of privacy was only curtailed by the acts she consented to and she did not consent to being photographed or video recorded. We therefore find sufficient evidence to support the conclusion that the victim had a reasonable expectation of privacy not

to be photographed or video recorded while in a partial state of nudity."). "[C]ounsel has no duty to raise an issue that has no merit." *State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009). We affirm the court's denial of Johnson's claim as to this issue.

## IV. *Probation Revocation*

After procedendo was issued on Johnson's appeal,[1] his probation officer filed violation reports on July 29, 2016, and September 15, 2016, indicating Johnson's whereabouts were unknown, he had not reported for probation, and he had been arrested and charged with trespass. The probation officer recommended that Johnson's probation be revoked. The court held a hearing on October 4, 2016, during which Johnson denied he was on probation. The court continued the probation revocation hearing to October 11, 2016. Johnson was personally present with counsel. The hearing was not recorded. Following the hearing, the court entered an "order revoking probation and imposing original sentence (prison)." The court's order stated in part:

> The Defendant is found by a preponderance of the evidence to have violated the terms of probation by:
> Probation as outlined in the report of violation. Defendant refused to follow the requirements of probation and stated that he would not sign up for probation.
> The Court finds that Defendant's probation should be revoked and sentence imposed. Defendant was given an opportunity to speak in mitigation of the sentence. The following sentence is based on all of the available **SENTENCING CONSIDERATIONS** set out in Iowa Code Section 907.5.
> The Court finds the following factors the most significant to determine this particular sentence:

---

[1] Procedendo issued on July 14, 2016. Johnson's probation officer filed a violation report on May 1, 2015, indicating he was not able to contact Johnson and Johnson had not reported an address to the sex offender registry. But a probation warrant was not issued for that report because Johnson had posted an appeal bond.

The nature and circumstances of the crime
Protection of the public from further offenses
Defendant's criminal history
Defendant's propensity for further criminal acts
Maximum opportunity for rehabilitation
Defendant's age and character

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Defendant's probation is revoked. Defendant is adjudged guilty of Invasion of Privacy in violation of Iowa Code Section(s) 709.21(1) and 709.21(3) and shall be imprisoned for a period not to exceed one years a provided by Iowa Code Sections 902.9 and 902.3. Credit Defendant with all days served.

The court also imposed various fines and surcharges but suspended the fines "due to [Johnson's] incarceration."

On appeal, Johnson argues the district court violated his due process rights "in finding he had violated the terms of his probation and imposing his original sentence when no evidentiary hearing was held and [he] did not stipulate to violating the terms of probation."[2] "Probation revocation is a civil proceeding and not a stage of criminal prosecution." *State v. Lillibridge*, 519 N.W.2d 82, 83 (Iowa 1994). "Because revocation is not a stage of criminal prosecution, the rules of criminal procedure do not apply and 'the proceedings can be informal, even summary.'" *Id.* (quoting *Calvert v. State*, 310 N.W.2d 185, 187 (Iowa 1981)). However, because probation revocation involves a serious loss of liberty, the court must afford the defendant due process. *Id.* Due process requires findings by the

---

[2] The State argues this claim is moot because Johnson "has already served the 365-day jail sentence that was imposed after his probation was revoked." In addressing a similar mootness challenge following a probation revocation, the supreme court concluded the issue fell "squarely into the 'capable of repetition but evading review' exception to the mootness doctrine" and proceeded to the merits of the claim. *Rhiner v. State*, 703 N.W.2d 174, 177 (Iowa 2005).

The State also argues Johnson failed to preserve error on this claim. Because the issue was raised and addressed by the district court, we find error was preserved. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).

court showing the factual basis for the revocation. *Id.*; *State v. Hughes*, 200 N.W.2d 559, 562 (Iowa 1972). Probation revocation must be supported by a preponderance of evidence. *State v. Kirby*, 622 N.W.2d 506, 510 (Iowa 2001). The court may make the required findings of fact in writing or orally on the record. *Id.* at 509–10. Pending charges are a permissible consideration in revocation hearings, and a conviction is not required before revocation may occur. *State v. Dolan*, 496 N.W.2d 278, 279–80 (Iowa Ct. App. 1992).

The parties waived a record of the probation revocation hearing. "If no verbatim record is made, the record requirement of the due process obligation may be satisfied by written findings of fact that support a conclusion that a preponderance of the evidence shows the defendant has violated the terms of probation." *State v. Van Wie*, No. 13-0133, 2014 WL 69517, at *2 (Iowa Ct. App. Jan. 9, 2014).

Johnson's original sentence ordered him to be "placed on probation for a period of one year" and "comply with all terms of probation imposed by [the Department of Correctional Services (DCS)] and complete programming recommended by DCS." The sentencing order further stated, "This probation is subject to revocation by the court under Iowa Code Chapter 908, on notice and an opportunity for hearing and a finding that defendant has failed to fairly live within the terms of probation and the law." Johnson's probation-revocation attorney

testified that Johnson informed the court at the hearing that "he did not want to continue on probation."[3] Johnson's probation officer testified similarly.

The court's written probation-revocation order stated Johnson "is found by a preponderance of the evidence to have violated the terms of probation by: Probation as outlined in the report of violation. Defendant refused to follow the requirements of probation and stated that he would not sign up for probation." Upon our review of the record presented,[4] we conclude the court's decision is supported by the preponderance of the evidence. In essence, Johnson's refusal to complete the requirements of probation as ordered in his sentence constituted a stipulation to a violation of his probation. *Cf. State v. Temple*, No. 15-1293, 2016 WL 4801610, at *2–3 (Iowa Ct. App. Sept. 14, 2016) (concluding the defendant stipulated to violating her probation and her due process rights could be waived). The court's succinct order memorialized that finding. *See Lillibridge*, 519 N.W.2d at 83 ("The trial court does not have to file an opinion or make conclusions of law, but due process requires written findings by the court showing the factual basis for the revocation."); *Temple*, 2016 WL 4801610, at *3 ("The requirement that the district court make findings establishing a violation is sufficient to protect the defendant's limited liberty interests."). We affirm the PCR court's denial of Johnson's claim as to this issue.

---

[3] According to Johnson's attorney, Johnson's refusal was despite the State's agreement "to dismiss the probation violations with the understanding that my client, Mr. Johnson, would agree to remain on probation."

[4] As noted, the hearing was unreported, and there is no statement of the evidence or proceedings. *See* Iowa R. App. P. 6.806. "It is the appellant's duty to provide a record on appeal affirmatively disclosing the alleged error relied upon" and we "may not speculate as to what took place or predicate error on such speculation." *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005).

## V.    Sex Offender Registry

Johnson's original sentence entered on April 1, 2015, ordered, "Within five (5) days of this order defendant shall register as a sex offender, and keep this registration current pursuant to Iowa Code Chapter 692A."  Johnson posted an appeal bond on April 9.  On April 22, the court entered an amended sentencing order stating the "appeal bond is set at $1000, cash.  The remainder of the April 1 sentencing order terms remain in full force and effect."  Johnson did not register as a sex offender.

On appeal, Johnson claims he was "erroneously placed on the Iowa Sex Offender Registry in violation of his state and federal constitutional rights once he timely filed a notice of appeal and posted appeal bond."[5]  Johnson acknowledges that the supreme court rejected this claim in *Maxwell v. Iowa Department of Public Safety*, 903 N.W.2d 179, 180–81 (Iowa 2017), but he argues that because *Maxwell* was decided after his appeal, he "is not bound by its holding as *Maxwell* cannot be applied retroactively."

In *Maxwell*, the court observed the appeal "turn[ed] on the interpretation of Iowa Code section 692A.103(1)," and concluded the legislature intended the statute to be construed "in favor of registration."  903 N.W.2d at 182, 184.  The court held:

> [T]he defendant was required to register as a sex offender under section 692A.103(1) upon his conviction of the sex offense and release on bond, notwithstanding his appeal.  The stay of execution on his criminal judgment during his appeal did not delay the automatic administrative registration requirement for convicted sex

---

[5] We bypass the State's concern that Johnson was required to pursue an administrative remedy for sex-offender-registry-placement claim and proceed to its merits.

offenders, and his release on the appeal bond constituted a "release from incarceration" within the meaning of section 692A.103(1).

*Id.* at 180–81.

The State argues, "Because the *Maxwell* court changed no prior caselaw and merely interpreted the meaning of the statutory language of Iowa Code section 692A for the first time, the *Maxwell* decision applies to all defendants before and after *Maxwell* interpreted the law." *See Goosman v. State*, 764 N.W.2d 539, 543–44 (Iowa 2009) ("[W]here a court announces a new rule of substantive law that simply 'clarifies' the ambiguities in existing law, federal due process requires that the decision be retroactively applied to all cases," but "where a court announces a 'change' in substantive law which does not clarify existing law but overrules prior authoritative precedent on the same substantive issue, federal due process does not require retroactive application of the decision."). We agree. The following language from *Maxwell* sheds light on the court's interpretation and clarification of the chapter 692A registration requirements:

> Unlike other enactments imposing collateral consequences for criminal convictions, chapter 692A does not require that the conviction become "final" or otherwise provide for a stay of the registration requirements pending an appeal of the conviction. To the contrary, the definition of "convicted" excludes those that are "reversed or otherwise set aside." Neither Maxwell's appeal nor his appeal bond reversed or set aside his judgment of conviction. . . . If the legislature had intended to delay the obligation to register as a sex offender during an appeal of the sex-offense conviction, presumably it would have said so by providing for a stay of registration or requiring the sex-offense conviction to first become final.
>
> *Under the plain meaning of Iowa Code section 692A.103(1), read together with the statutory definition of "convicted," registration is automatically required for an Iowa resident upon the conviction of the sex offense unless and until that conviction is reversed or set aside.*

*Id.* at 184 (internal citations omitted) (emphasis added).  We further note, as the PCR court observed, "Johnson's deadline to register as a sex offender had already expired at the time he filed his appeal and posted his appeal bond."  We affirm on this issue.

## VI. *Conclusion*

Having addressed those claims properly before us on appeal,[6] we affirm the court's ruling denying Johnson's PCR application.

**AFFIRMED.**

---

[6] We decline Johnson's request to preserve possible future claims of ineffective assistance of PCR counsel.